1  Clayton C. James (Cal. Bar No. 287800)
   clay.james@hoganlovells.com
2  Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
   lucky.vidmar@hoganlovells.com
3  Sarah Jalali (Cal. Bar No. 244971)
   sarah.jalali@hoganlovells.com
4  Three Embarcadero Center, Suite 1500
   San Francisco, California 94111
5  Telephone: (415) 374-2300
   Facsimile: (415) 374-2499
6  *Attorneys for Defendant Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:16-cv-03582-WHA<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:** September 14, 2016<br>**TIME:** 8:00 a.m.<br>**COURTROOM: 8, 19th Floor**<br>**JUDGE:** Hon. William H. Alsup |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 1

STATEMENT OF RELIEF REQUESTED ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

    INTRODUCTION ............................................................................................................... 1

    PROCEDURAL AND FACTUAL BACKGROUND ........................................................ 2

    LEGAL STANDARD .......................................................................................................... 4

    ARGUMENT ....................................................................................................................... 4

        A.    Pleading Induced Infringement Requires Facts Showing Specific Intent to Infringe and Knowledge of Infringement. ........................................................................................ 4

        B.    Straight Path's Complaint Fails to Allege Facts or Reasonable Inference of Apple's Specific Intent or Apple's Knowledge of Infringement. .......................................................... 6

            1.    This is the First Time that Straight Path has Asserted the '469 Patent Against Apple. 6

            2.    Alleging Knowledge of the Patents is Not the Same as Alleging Knowledge of the Infringement. ............................................................................................................... 7

            3.    Allegations that Apple Has a Web Page Describing its FaceTime Functionality Do Not Support an Inference that Apple Has Knowledge of Any Infringement ........................ 7

        C.    Straight Path Has Failed to State a Claim for Indirect Infringement. ............................... 8

    CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................4, 5, 6, 9

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
    No. C 11-04049 JW, 2012 WL 2343163 (N.D. Cal. June 5, 2012) ...............................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ..................................................................................5, 6, 9

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) ...........................................................................................8

*Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................4, 9

*Grobler v. Sony Comput. Ent. Am. LLC*,
    No. 5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) .................5, 9

*Guzik Tech. Enters., Inc. v. W. Dig. Corp.*,
    No. 11-CV-03786-PSG, 2012 WL 1669355 (N.D. Cal. May 11, 2012) ..................5, 9

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ......................................................................................8

*Logic Devices, Inc. v. Apple Inc.*,
    No. C 13-02943 WHA, 2014 WL 60056 (N.D. Cal. Jan. 7, 2014) ...........................5

*Microsoft Corp. v. DataTern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014) ......................................................................................8

*In re Silicon Graphics Inc. Sec. Litig.*,
    183 F.3d 970 (9th Cir. 1999) ........................................................................................8

*Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*,
    IPR 2013-00246 ...........................................................................................................2

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
    No. 14–502, 2014 WL 3345618 (D. N.J. July 7, 2014) (*Vonage*) .......................2, 10

**Statutes**

35 U.S.C. §271(b) ................................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ............................................................................................. 4, 10

Federal Rules of Civil Procedure 8 and 12(b)(6) ...................................................................................... 1

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................................................. 1, 10

U.S. Patent No. 6,108,704 ..................................................................................................................... 2, 4

Srecko Vidmar, Ex. A (http://www.apple.com/mac/facetime/) ............................................................. 3, 7

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on September 14, 2016 at 8:00 a.m. in Courtroom 8 of the United States District Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H. Alsup, Defendant Apple Inc. ("Apple") will and hereby does respectfully move to dismiss the induced infringement allegations in the Complaint of Plaintiff Straight Path IP Group, Inc. ("Straight Path") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and any exhibits thereto, Apple's Request for Judicial Notice, and such other authorities and argument as may be submitted in a reply at or before the hearing.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Apple respectfully requests that the Court dismiss Straight Path's claims of induced infringement for failure to sufficiently state a claim upon which relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Straight Path's Complaint alleges that Apple infringes five patents generally related to establishing "point-to-point communications" over a computer network.  The Complaint alleges both direct and indirect infringement by Apple, without ever expressly stating the name of the allegedly infringing Apple functionality.  Instead, the Complaint talks about certain "computer program products," "apparatuses," "computer systems," and "devices" which use Apple "servers and services" to "track the network addresses and online status of users, and to allow users to establish a point-to-point communication link."  (Dkt. 1 at ¶¶ 29, 42, 55, 68, 81.)  The only mention of any Apple functionality appears through a generic web page introducing Apple's FaceTime feature.

Straight Path's claims of induced infringement must be dismissed because the Complaint lacks any factual allegations from which the Court could reasonably conclude that Apple intended to induce infringement, as required under Section 271(b).  At most, the Complaint alleges that

APPLE INC.'S MOTION TO DISMISS
CASE NO. 3:16-CV-03582-WHA                     1

Apple knew of the patents-in-suit before the Complaint was filed, and that Apple described its products to its customers through a web page. Even this generous reading of the Complaint is legally insufficient to state a claim under Section 271(b), because it does not show that Apple intended to cause the infringement. The U.S. District Court for the District of New Jersey dismissed Straight Path's similar induced infringement allegations for failure to state a claim. *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, No. 14–502, 2014 WL 3345618, *2–3 (D. N.J. July 7, 2014) (*Vonage*). For the same reasons, and as discussed more fully below, this Court should dismiss the allegations of induced infringement in Straight Path's Complaint against Apple.

## PROCEDURAL AND FACTUAL BACKGROUND

Straight Path first sued Apple on September 24, 2014 (Case No. 3:14-cv-04302), asserting four of the five patents that are asserted in the present action. The parties submitted a stipulation to stay the 2014 action pending the resolution of Straight Path's appeal of an *inter partes* review[1] ("IPR") of certain claims of asserted U.S. Patent No. 6,108,704. (Case No. 3:14-cv-04312, Dkts. 22, 26.) The Court denied the parties' stipulations to stay the case. (*Id.*, Dkts. 23, 27.) On January 5, 2015, the parties ultimately stipulated to a voluntary dismissal without prejudice. (*Id.*, Dkt. 37.)

On May 23, 2016, the original IPR of U.S. Patent No. 6,108,704 was terminated by Final Written Decision of the Patent Trial and Appeal Board of the United States Patent and Trademark Office. *Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246, Paper 73 (October 9, 2014). On June 24, 2016, Straight Path filed this action against Apple asserting claims of direct and induced infringement of United States Patent Nos. 6,009,469 ("the '469 patent"), 6,108,704 ("the '704 patent"), 6,131,121 ("the '121 patent"), 6,701,365 ("the '365 patent"), and 7,149,208 (collectively, the "asserted patents").

For each of the asserted patents, Straight Path's current allegations of induced infringement by Apple track the following allegations for the '469 patent:

---

[1] *Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246, Paper 62 (October 9, 2014).

APPLE INC.'S MOTION TO DISMISS
CASE NO. 3:16-CV-03582-WHA                                              2

> 30. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '469 Patent under 35 U.S.C. §271(b) by its customers and end users.
>
> 31. Defendant had knowledge of and notice of the '469 Patent and its infringement no later than September 24, 2014, when Straight Path sued Defendant.
>
> 32. Defendant has induced its customers and end users to infringe the '469 Patent by using computer program products capable of executing a first process, connecting to a server process over a computer network, and that include program code for (a) generating a user-interface enabling control of the first process; (b) determining a currently-assigned network protocol address through which the first process can be accessed; (c) connecting to the server and forwarding the process' assigned network protocol address and a unique identifier; (d) querying as to whether a second process is connected to the computer network; (e) receiving the network protocol address of the second process when it is connected; and (f) establishing a point-to-point connection with the second process in response to user commands. *See, e.g.*, Ex. I. For example, Defendant encourages its customers and end users to make infringing point-to-point connections through the materials it provides to its customers, including those materials provided on Defendant's Internet website. *See, e.g.*, http://www.apple.com/mac/facetime/.
>
> 33. Defendant specifically intends its customers and/or end users infringe the '469 Patent, either literally or by the doctrine of equivalents, because Defendant has known about the '469 Patent and how Defendant's products infringe the claims of the '469 Patent but Defendant has not taken steps to prevent the infringement by its customers and/or end users. Accordingly, Defendant has acted with the specific intent to induce infringement of the '469 Patent.
>
> 34. Accordingly, Defendant has induced infringement of the '469 Patent under 35 U.S.C. § 271(b).

*See also id.* at ¶¶ 43–47 (induced infringement allegations as to the '704 patent), 56–60 (induced infringement allegations as to the '121 patent), 69–73 (induced infringement allegations as to the '365 patent), and 82–86 (induced infringement allegations as to the '208 patent).

APPLE INC.'S MOTION TO DISMISS
CASE NO. 3:16-CV-03582-WHA    3

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Based only on the facts pleaded in the Complaint, a court must decide "whether [those facts] plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. Plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* at 678. Pleading facts which are "merely consistent with a defendant's liability" is insufficient to establish plausibility; a plaintiff must plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556–57) (quotations omitted). The plausibility required by *Twombly* and *Iqbal* serve to put the defendant on "fair notice" of the claims at issue. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (explaining a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (citation omitted)).

Legal conclusions carry no weight in the context of a motion to dismiss. *Iqbal*, 556 U.S. at 678. A pleading that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 544). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

**A. Pleading Induced Infringement Requires Facts Showing Specific Intent to Infringe and Knowledge of Infringement.**

Only one who "*actively* induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b) (emphasis added). To adequately plead a claim of induced infringement, a complaint "must contain facts plausibly showing that [the defendant] specifically intended [its]

customers to infringe the [patent-in-suit] and knew that the customers' acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Applying this standard, courts in this district routinely dismiss induced infringement claims where the complaint supports only an inference that the defendant had knowledge of the patents, and that the defendant instructed or encouraged third parties to use its products. *See Logic Devices, Inc. v. Apple Inc.*, No. C 13-02943 WHA, 2014 WL 60056, at *2 (N.D. Cal. Jan. 7, 2014) ("The complaint is further devoid of any facts that Apple specifically intended that their programmers and developers infringe the '244 patent."); *Grobler v. Sony Comput. Ent. Am. LLC*, No. 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013) ("[T]o survive a motion to dismiss, [plaintiff] must include some factual allegations that could establish that [defendant] knew not just that [plaintiff] had the '084 Patent, but that [defendant's] customers' downloading of rental movies would infringe the '084 Patent."); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 2343163, at *3 (N.D. Cal. June 5, 2012) ("[Plaintiff's] allegations, taken as true, merely indicate that Defendant Garmin provided other parties with "instruction" and "training" in the use of Defendant Garmin's own products."); *Guzik Tech. Enters., Inc. v. W. Dig. Corp.*, No. 11-CV-03786-PSG, 2012 WL 1669355, at *3 (N.D. Cal. May 11, 2012) ("[K]nowledge of the patents alone is insufficient to establish the mental state required for an indirect infringement claim. [Plaintiff] does not offer any facts that render it plausible that, with such knowledge [defendant] has acted with the specific intent that is required"). This is because in addition to knowing of the patent and instructing customers, induced infringement further requires a defendant to have knowledge that the instructed use (the acts it encourages) actually "constitute[s] patent infringement." *In re Bill of Lading*, 681 F.3d at 1339.

**B. Straight Path's Complaint Fails to Allege Facts or Reasonable Inference of Apple's Specific Intent or Apple's Knowledge of Infringement.**

Straight Path's allegations of induced infringement as to all five patents-in-suit are substantively the same, consisting of five paragraphs for each asserted patent. (Dkt. 1 at ¶¶ 30–34, 43–47, 56–60, 69–73, and 82–86.) The first and last paragraphs merely recite the bare conclusion that Apple has induced infringement under 35 U.S.C. § 271(b). (See *id.* at ¶ 17, 21.) Because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (*Iqbal*, 556 U.S. at 678), these paragraphs do not provide sufficient factual basis required to state a claim. The remaining three paragraphs also fail to meet the requirements of Section 271(b). Even if the factual allegations in those paragraphs are taken as true for purposes of this motion, at most they support an inference that Apple knew of the asserted patents and advertised FaceTime to its customers and end users.

**1. This is the First Time that Straight Path has Asserted the '469 Patent Against Apple.**

With respect to each of the asserted patents, the Complaint states that Apple had knowledge and notice of the asserted patents "and [their] infringement no later than September 24, 2014, when Straight Path sued Defendant." (Dkt. No. 1 at ¶ 31.) This statement, however, is contradicted by the pleadings in that 2014 case. While Straight Path asserted the '469 patent against other defendants in 2014, it did not assert it against Apple.[2] Therefore, even if Apple is presumed to have known about the existence of the '469 patent in 2014 by virtue of the related case filings, Apple cannot be presumed to have known that its customers allegedly infringed the '469 patent. In fact, by excluding the '469 patent from its 2014 complaint against Apple while asserting that patent against other defendants, it would have been reasonable for Apple to believe that Apple's products were not, in fact, infringing the '469 patent and, moreover, that Plaintiff believed the same.

---

[2] Concurrently with this Motion, Apple has filed a Request for Judicial Notice of Straight Path's 2014 Complaint (Is this the correct title for the accompanying document?) and the claims asserted therein.

Therefore, as to the '469 patent, the pleadings in the 2014 case show that it is not reasonable to infer that Apple specifically intended that its customers infringe the '469 patent or that Apple knew that its customers' acts constituted infringement of that patent.

### 2. Alleging Knowledge of the Patents is Not the Same as Alleging Knowledge of the Infringement.

The Complaint's reliance on the 2014 complaint fails to salvage Straight Path's allegations of induced infringement as to the remaining asserted patents. Those 2014 allegations merely show that Apple may have had knowledge of the patents—nothing more. The 2014 complaint contained only conclusory allegations that Apple infringed the patents with paraphrased language from patent claims. The 2014 complaint did not identify any specific claims of the patents allegedly infringed by Apple and did not include claim charts as exhibits. With no specific claims identified and not even a cursory attempt to map patent claims to FaceTime or any other Apple functionality on a limitation-by-limitation basis, the 2014 complaint cannot form the basis for an inference that Apple knew that customers using FaceTime would be infringing Straight Path's patents.

### 3. Allegations that Apple Has a Web Page Describing its FaceTime Functionality Do Not Support an Inference that Apple Has Knowledge of Any Infringement

Straight Path's allegations of induced infringement also rely on an Apple marketing webpage (http://www.apple.com/mac/facetime/), through which, Straight Path alleges, Apple "encourages its customers and end users to make infringing point-to-point connections." (See, e.g., Dkt. No. 1 at ¶ 32.) This webpage, however, only provides a high-level overview of FaceTime, and merely advises users that, to make a FaceTime call, the user should click another user's phone number or email address. (See Declaration of Srecko Vidmar, Ex. A (http://www.apple.com/mac/facetime/)3. Nothing on the webpage or any other allegation in

---

[3] When ruling on a motion to dismiss, the Court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The FaceTime webpage is just such a document, the contents of which Straight Path has alleged in its Complaint. Accordingly, the Court may consider the FaceTime webpage in ruling on Apple's motion to dismiss.

Straight Path's Complaint supports a reasonable inference that Apple knows that initiating a FaceTime call infringes any of the patents-in-suit.

The Complaint also avers that Apple allegedly has known about the asserted patents and how its products infringe, but has not taken steps to prevent the infringement. (See, e.g., Dkt. No. 1 ¶ 33.) These boilerplate paragraphs recite conclusions of law, unsupported by any factual allegations about how Apple knew that its product infringe the asserted patents. Given that there are no facts suggesting Apple even knew of any infringement, there is no legal support for placing upon Apple a duty to "prevent" any infringement. Instead, Section 271(b) requires a showing "that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." Microsoft Corp. v. DataTern, Inc., 755 F.3d 899, 904 (Fed. Cir. 2014) (emphasis added) (citing Global-Tech, 131 S.Ct. at 2068); Global-Tech, 131 S.Ct. at 2066 ("[T]he adverb 'actively' [in Section 271(b)] suggests that the inducement must involve the taking of affirmative steps to bring about the desired result." (emphasis added)).

**C. Straight Path Has Failed to State a Claim for Indirect Infringement.**

To determine whether Straight Path's claims of indirect infringement state a claim for relief under *Twombly* and *Iqbal*, the Court must set aside conclusory statements and must look beyond "labels and conclusions" to see if they are actually supported by any factual allegations that make Straight Path's theory of induced infringement plausible. *See Iqbal*, 556 U.S. at 678.

Here, the factual allegations in the Complaint at most support an inference (1) that Apple may have known of some of the patents-in-suit, and (2) that Apple provides high-level description of its FaceTime function to customers and end users. Those two inferences, standing alone, are legally insufficient to support a claim for induced infringement because there is no factual support for any allegation that Apple provided the relevant instructions with knowledge that those instructions would cause any infringement. *See In re Bill of Lading*, 681 F.3d at 1339 ("Liability under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.'" (quoting *Global-Tech*, 131 S.Ct. at 2068)).

Mere knowledge of the patents-in-suit, coupled with instructions to third parties on how to

use the accused products, is legally insufficient to state a claim of relief for induced infringement. *See Grobler*, 2013 WL 308937, at *3 ("[T]o survive a motion to dismiss, [plaintiff] must include some factual allegations that could establish that [defendant] knew not just that [plaintiff] had the [asserted patent], but that [defendant's] customers' downloading of rental movies would infringe the [asserted patent]."); *Guzik*, 2012 WL 1669355, at *3 ("[K]nowledge of the patents alone is insufficient to establish the mental state required for an indirect infringement claim. [Plaintiff] does not offer any facts that render it plausible that, with such knowledge [defendant] has acted with the specific intent that is required").

This is not the first time that Straight Path's attempt to plead induced infringement of the asserted patents has been challenged. In *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, even after Straight Path was allowed to replead its induced infringement claims, the Court held that the complaint alleged nothing more than defendant's knowledge of the patents and online instructions on how to use the accused product. *Vonage*, 2014 WL 3345618, at *2–3. On this basis, The District of New Jersey dismissed Straight Path's allegations of induced infringement that are directly analogous to the allegations asserted against Apple. This Court should do the same, and dismiss induced infringement allegations because the complaint—at most—sets forth facts showing that Apple was aware of some of the asserted patents and described the accused functionality to its customers through a website. As in *Vonage* and the other directly relevant authorities cited above, these inferences are insufficient to show that Apple specifically intended for any induced acts to infringe the asserted patents.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court dismiss, under Rule 12(b)(6), Straight Path's claims for induced infringement, for failure to satisfy the pleading requirements of Rule 8(a)(2).

1 | Respectfully submitted on August 5, 2016.     HOGAN LOVELLS US LLP

/s/ *Clayton C. James*

Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
lucky.vidmar@hoganlovells.com
Sarah Jalali (Cal. Bar No. 244971)
sarah.jalali@hoganlovells.com
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

*Attorneys for Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2016, I electronically filed the foregoing **APPLE INC.'S MOTION TO DISMISS** using the Court's ECF system which will electronically serve the same upon all counsel of record.

*s/ Srecko Vidmar*
Srecko Vidmar

APPLE INC.'S MOTION TO DISMISS
CASE NO. 3:16-CV-03582-WHA            11