1   Clayton C. James (Cal. Bar No. 287800)
    clay.james@hoganlovells.com
2   Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
    lucky.vidmar@hoganlovells.com
3   Sarah M. Jalali (Cal. Bar No. 244971)
    sarah.jalali@hoganlovells.com
4   HOGAN LOVELLS US LLP
    Three Embarcadero Center, Suite 1500
5   San Francisco, California 94111
    Telephone: (415) 374-2300
6   Facsimile: (415) 374-2499

7   *Attorneys for Defendant Apple Inc.*

8

9

10

11                **IN THE UNITED STATES DISTRICT COURT**
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12                        **SAN FRANCISCO DIVISION**

13   STRAIGHT PATH IP GROUP, INC.,            Case No. 3:16-cv-03582-WHA

14                        Plaintiff,          **APPLE INC.'S NOTICE OF MOTION
                                              AND MOTION TO DISMISS THE
15          v.                                INDUCED INFRINGEMENT CLAIMS IN
                                              THE AMENDED COMPLAINT;
16   APPLE INC.,                              MEMORANDUM OF POINTS AND
                                              AUTHORITIES**
17                        Defendant.
                                              **DATE:  October 6, 2016
18                                            TIME:  8:00 a.m.
                                              COURTROOM: 8, 19th Floor
19                                            JUDGE:  Hon. William H. Alsup**

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

1

**TABLE OF CONTENTS**

2  NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ 1

3  STATEMENT OF RELIEF REQUESTED ................................................................................ 1

4  MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

5     I.     INTRODUCTION.................................................................................................... 1

6     II.    PROCEDURAL AND FACTUAL BACKGROUND ......................................................... 2

7     III.   LEGAL STANDARD ............................................................................................... 4

8     IV.   ARGUMENT ........................................................................................................ 5

9           A.   The FAC Allegations Do Not Support a Plausible Inference that Apple Knew That

10              By Using Apple Products, Its Users Infringed the Patents-in-Suit.......................... 6

11              1.    The '469 Patent ....................................................................... 6

12              2.    The '704, '121, '365 and '208 Patents ...................................... 8

13          B.   The FAC Allegations Do Not Support a Plausible Inference that Apple Intended to

14              Cause its Product Users to Infringe the Patents-in-Suit.......................................... 9

15    V.   CONCLUSION ........................................................................................................ 11

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................5, 7, 9

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
No. C 11-04049 JW, 2012 WL 2343163 (N.D. Cal. June 5, 2012).......................... 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................. 5, 9

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015) ..............................................................................5, 6, 7

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ...................................................................... 5, 9

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) .................................................................................5, 6, 11

*Grobler v. Sony Comput. Ent. Am. LLC*,
No. 5:12-CV-01526-LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) ........................... 7, 8

*Guzik Tech. Enters., Inc. v. W. Dig. Corp.*,
No. 11-CV-03786-PSG, 2012 WL 1669355 (N.D. Cal. May 11, 2012) ............................... 11

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......................................................................... 5

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ......................................................................... 10

*Largan Precision Co, Ltd v. Genius Elec. Optical Co.*,
No. 13-CV-02502, 2013 WL 5934698 (N.D. Cal. Nov. 4, 2013) ............................................ 8

*Logic Devices, Inc. v. Apple Inc.*,
No. C 13-02943, 2014 WL 60056 (N.D. Cal. Jan. 7, 2014).................................................. 10

*Microsoft Corp. v. DataTern, Inc.*,
755 F.3d 899 (Fed. Cir. 2014) ......................................................................... 11

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
No. 13–2052, 2014 WL 4675316 (D. Del. Sept.19, 2014) .................................................. 8

*Pragmatus AV, LLC v. Yahoo! Inc.*,
No. CA 11-902-LPS-CJB, 2013 WL 2295344 (D. Del. May 24, 2013)...................................... 8

*Ridenhour v. UMG Recordings, Inc.*,
    No. C 11-1613 SI, 2012 WL 463960 (N.D. Cal. Feb. 13, 2012)............................................. 10

*Straight Path IP Group, Inc. v. Vonage Holdings Corp.*,
    No. CIV.A. 14-502, 2014 WL 3345618 (D.N.J. July 7, 2014) ................................................ 10

*Straight Path v. Apple*,
    Case No. 3:14-cv-04302 (N.D. Cal.) ...............................................................................2, 7, 8

*Townsend v. Columbia Operations*,
    667 F.2d 844 (9th Cir.1982) .................................................................................................... 10

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
    45 F. Supp. 3d 881 ..................................................................................................................... 6

*Vita–Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................. 5

*Windy City Innovations, LLC v. Microsoft Corp.*,
    No. 16-CV-01729-YGR, 2016 WL 3361858 (N.D. Cal. June 17, 2016) ............................. 8, 9

**Statutes**

35 U.S.C. § 271(b)............................................................................................................. passim

**Other Authorities**

Federal Rules of Civil Procedure 8........................................................................................ passim

Federal Rules of Civil Procedure 12(b)(6) ........................................................................... passim

*Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246............................................. 2

1

2

3

4

5

6

7

8

9

10

11

12

13

United States District Court
Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on October 6, 2016 at 8:00 a.m. in Courtroom 8 of the United States District Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H. Alsup, Defendant Apple Inc. ("Apple") will and hereby does respectfully move to dismiss the induced infringement allegations in the First Amended Complaint (FAC) of Plaintiff Straight Path IP Group, Inc. ("Straight Path") pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and any exhibits thereto, and such other authorities and argument as may be submitted in a reply at or before the hearing.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Apple respectfully requests that the Court dismiss Straight Path's claims of induced infringement for failure to state a claim upon which relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Straight Path's induced infringement claims must be dismissed because the first Amended Complaint ("FAC") lacks any factual allegations from which the Court could reasonably conclude that Apple intended to induce infringement under 35 U.S.C. § 271(b).  The case law dictates that in order to properly state an induced infringement claim, Straight Path must allege facts sufficient to support a plausible inference that:  (1) Apple knew that by using its products, its users would infringe the patents-in-suit; or (2) Apple intended to cause its users to infringe the patents-in-suit. The FAC falls far short of setting forth such facts, however, and given that Straight Path has already attempted to remedy the deficient inducement allegations by filing the FAC, it is clear that Straight Path *has not* alleged any such facts because it *cannot*.

Indeed, even viewing the FAC in the best possible light, Straight Path – at most – alleges facts supporting an inference that Apple knew about the patents-in-suit, and that Apple promoted and instructed customers on how to use its products, but not that it instructed anyone on how to use the allegedly patented features or that it intended to induce infringement.  As explained below,

these inferences are simply not enough for Straight Path to properly plead an induced infringement cause of action.  Notably, at least one other court has dismissed Straight Path's similarly flawed induced infringement allegations.  Because the factual allegations in the FAC, including the legal conclusions disguised as factual allegations, do not support a plausible inference that Apple knew that its product users would infringe the patents-in-suit, or that Apple intended to cause its users to infringe the patents-in-suit, Straight Path's inducement claims should be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

Straight Path first filed suit against Apple in this Court on September 24, 2014, alleging that Apple infringed, directly and indirectly, four patents:  United States Patent Nos. 6,108,704 ("the '704 patent"), 6,131,121 ("the '121 patent"), 6,701,365 ("the '365 patent"), and 7,149,208 ("the '208 patent").  *See Straight Path v. Apple*, Case No. 3:14-cv-04302 (N.D. Cal.) (the "2014 Action").   The Patent Trial and Appeal Board, however, had already instituted an *inter partes review* on certain claims of the '704 patent on October 11, 2013.  *Sipnet EU S.R.O. v. Straight Path IP Group, Inc.*, IPR 2013-00246, Paper 62 (October 9, 2014) (the "'704 IPR").  Because of the pending '704 IPR, Apple and Straight Path filed a stipulated motion to stay the 2014 Action, which this Court denied.  *See* 2014 Action, Dkt. Nos. 22, 26.  Thereafter, on January 5, 2015, the parties stipulated to a voluntary dismissal of the 2014 Action without prejudice.  2014 Action, Dkt. No. 37.

On May 23, 2016, the '704 IPR was terminated by final written decision.  '704 IPR, Paper 73.  On June 24, 2016, Straight Path filed this action against Apple asserting the four patents asserted in the 2014 Action – the '704, '121, '365 and '208 patents – as well as United States Patent No. 6,009,469 ("the '469 patent") (collectively, the "patents-in-suit").  *See* Complaint [Dkt. No. 1].  In the Complaint, Straight Path alleged, among other things, that Apple induced infringement with respect to all five patents-in-suit.  *Id.* ¶¶ 30-34, 43–47, 56–60, 69–73, 82–86.

On August 5, 2016, Apple filed a motion to dismiss Straight Path's induced infringement causes of action pursuant to Federal Rules 8 and 12(b)(6) for failure to state a claim upon which relief could be granted.  *See* Motion to Dismiss [Dkt. No. 26].  Apple argued that the allegations in

the Complaint failed to support a reasonable inference that Apple knew that its users were infringing the patents-in-suit, or that Apple specifically intended for its users to infringe. *See id.* at 6-8.

On August 12, 2016, in lieu of responding to Apple's Motion to Dismiss, Straight Path filed a first Amended Complaint ("FAC") [Dkt. No. 34], again alleging that Apple induced infringement of the five patents-in-suit. The FAC induced infringement allegations consist of seven paragraphs for each of the patents-in-suit, six of which are virtually identical:[1]

> 30. Defendant actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the ['469 Patent] under 35 U.S.C. §271(b) by its customers and end users.
>
> . . .
>
> 32. Defendant has induced its customers and end users to infringe the ['469 Patent] by using computer program products capable of executing a first process, connecting to a server process over a computer network, and that include program code for [ . . . reciting claim limitations]. An exemplary chart showing how Defendant's customers and/or end users infringe the ['469 Patent] is attached as [Exhibit I]. [Exhibit I] is based on the public information available to Straight Path, and Straight Path reserves the right to amend [Exhibit I] based on information obtained through discovery.
>
> 33. Defendant actively encourages its customers and end users to make infringing point-to-point connections. For example, Defendant provides materials on its Internet website that encourage Defendant's customer and/or end users to infringe. See, e.g., http://www.apple.com/mac/facetime/; https://support.apple.com/en-us/HT204380. For example, Defendant encourages its customers and end users to perform infringing actions with the following language:
>
>> "To start a video call with your best friend, just find her entry in the contacts list. FaceTime works perfectly with Contacts and Address Book so you don't have to enter your contacts from scratch. Click her phone number if you want to call her iPhone. To call her iPad, iPod touch, or Mac, use her email address. An invitation pops up on her screen. When she accepts, the video call begins. And there you are, face to face."
>
> http://www.apple.com/mac/facetime/. As another example, Defendant actively encourages its customers and/or end users to make infringing point-to-point connections by pre-installing the

---

[1] Rather than reproducing herein the induced infringement allegations for each patent-in-suit, Apple provides the allegations relating to the '469 patent as an exemplar. Only the bracketed text changes with respect to each patent-in-suit.

necessary software (e.g., Facetime) on its devices. Indeed, this default software cannot be uninstalled and is heavily integrated into the Defendant's other software (such as Contacts and the phone application).

34. On information and belief, Defendant has made no relevant changes to its infringing software since learning of the ['469 Patent].

35. Defendant was at the very least willfully blind to the infringing result of its active inducement of its customers and/or end users to making infringing point-to-point connections. In light of Defendant's knowledge of the ['469 Patent], its likely scope, and Defendant's knowledge of how Defendant's products make infringing point-to-point connections, Defendants had, or should have had, knowledge that its products likely infringed the ['469 Patent]. At the very least, Defendant willfully ignored this knowledge and took no steps to prevent infringement by its customers and/or end users. Defendant has not, for example, removed Facetime from its products. Accordingly, Defendant has acted with the specific intent to induce infringement of the ['469 Patent].

36. Accordingly, Defendant has induced infringement of the ['469 Patent] under 35 U.S.C. §271(b).

FAC [Dkt No. 34] ¶¶ 30, 32-36; *see also id.* ¶¶ 45, 47-51 (the '704 patent); *id.* ¶¶ 60, 62-66 (the '121 patent); *id.* ¶¶ 75, 77-81 (the '365 patent); *id.* ¶¶ 90, 92-96 (the '208 patent).

Regarding knowledge of the patent, the FAC alleges with respect to the '469 patent that:

31. Defendant had knowledge of and notice of the '469 Patent and its infringement no later than approximately October 2014, when Defendant joined a joint defense group with Avaya Inc. and Cisco Systems, Inc. Avaya Inc. and Cisco Systems, Inc. were accused of infringing the '469 Patent. Additionally, on information and belief, Defendant at least monitored the IPRs discussed above, including the IPRs related to the '469 Patent. At the very least, Defendant has been aware of the '469 Patent since the original Complaint was filed on June 27, 2016.

*Id.* ¶ 31. With respect to the '704 patent, the '121 patent, the '365 patent, and the '208 patent, Straight Path alleges that Apple "had knowledge of and notice of the [Patent-in-Suit] and its infringement no later than September 24, 2014, when Straight Path sued Defendant." *Id.* ¶¶ 46, 61, 76, 91. Apple now brings the instant motion to dismiss Straight Path's induced infringement causes of action in the FAC pursuant to Rules 8 and 12(b)(6).

## III.    LEGAL STANDARD

Where a complaint fails to state a claim upon which relief can be granted, a district court must dismiss the claim under Federal Rule 12(b)(6). To survive a Federal Rule 12(b)(6) motion

to dismiss, a complaint must contain a "short and plain statement" of the facts showing that plaintiffs are entitled to relief. Fed. R. Civ. P. 8. To meet this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679.

While the court must accept all factual allegations as true and resolve all reasonable inferences in the plaintiff's favor when considering a motion to dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (holding that "mere conclusory statements," "labels and conclusions," or "[t]hreadbare recitals of the elements of a cause of action" would not suffice to state a claim).

## IV.   ARGUMENT

Straight Path's inducement claims against Apple in the FAC should be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The Supreme Court has held that induced infringement "requires knowledge that the induced acts constitute patent infringement," which includes knowledge of the patent and knowledge that the induced acts constitute patent infringement. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). In addition, induced infringement "requires that the alleged infringer [] possessed specific intent to encourage another's infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006); *see also Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (holding that inducement requires a showing that the "alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent").

The FAC, however, is deficient with respect to both of these induced infringement requirements. Indeed, as explained below, the FAC fails to allege facts which support a plausible inference that: (1) Apple knew that by using its products, its users would infringe the patents-in-suit; or (2) that Apple intended to cause its users to infringe. As such, the induced infringement causes of action must be dismissed.

### A.   The FAC Allegations Do Not Support a Plausible Inference that Apple Knew That By Using Apple Products, Its Users Infringed the Patents-in-Suit.

The Supreme Court has rejected the assertion that only knowledge of the patent is required to plead indirect infringement: "[Our decision in] *Globa-Tech* requires more. It requires proof the defendant knew the acts were infringing. And the Court's opinion was clear in rejecting any lesser mental state as the standard." *Commil USA*, 135 S. Ct. at 1927-28. The Court explained that to hold otherwise, would lead to undesirable results:

> Qualifying or limiting [our holding in *Global Tech*] would lead to the conclusion, both in inducement and contributory infringement cases, that a person, or entity, could be liable even though he did not know the acts were infringing. In other words, even if the defendant reads the patent's claims differently from the plaintiff, and that reading is reasonable, he would still be liable because he knew the acts might infringe.

*Id.*; *see also, e.g., Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 45 F. Supp. 3d 881, 922 (W.D. Wis. 2014) ("[P]laintiffs must show not only that defendants were aware of the patents, but that they were aware of the scope of the patents' claims."). Furthermore, "deliberate indifference to a known risk that a patent exists" is insufficient to establish knowledge. *Glob.-Tech*, 563 U.S. at 766.

### 1.   The '469 Patent

The FAC alleges that Apple "had knowledge of and notice of the '469 Patent and its infringement no later than approximately October 2014, when Defendant joined a joint defense group with Avaya Inc. and Cisco Systems, Inc.," where "Avaya Inc. and Cisco Systems, Inc. were accused of infringing the '469 Patent." FAC [Dkt No. 34] ¶ 31. Alternatively, the FAC states that "[a]t the very least, Defendant has been aware of the '469 Patent since the original Complaint was filed on June 27, 2016." *Id.*

1    Even if these allegations were sufficient to support a plausible inference that Apple knew

2    about the existence of the '469 patent in 2014 by virtue of related case filings, they are insufficient

3    to support an inference that Apple knew that by using its products, its customers would allegedly

4    <u>infringe</u> the '469 patent.  *Commil USA*, 135 S. Ct. at 1927-28 (distinguishing between knowledge

5    of the existence of a patent and knowledge of infringement of a patent); *Grobler v. Sony Comput.*

6    *Ent. Am. LLC*, No. 5:12-CV-01526-LHK, 2013 WL 308937, at *3 (N.D. Cal. Jan. 25, 2013)

7    ("[T]o survive a motion to dismiss, [plaintiff] must include some factual allegations that could

8    establish that [defendant] knew not just that [plaintiff] had the '084 Patent, but that [defendant's]

9    customers' downloading of rental movies would infringe the '084 Patent.").

10    Indeed, the existence of the 2014 Action supports an inference that Apple did ***not*** know

11    that its products infringed the '469 patent.  Plaintiffs did not assert the'469 patent against Apple

12    while asserting that patent against other defendants in the 2014 Action.  Thus, Apple could

13    reasonably infer that its products did not infringe the '469 patent, and that Straight Path shared that

14    belief.

15    Straight Path's remaining allegations with respect to the '469 patent are also deficient.  The

16    first and last of the seven paragraphs recite the bare conclusion that Apple has induced

17    infringement under 35 U.S.C. § 271(b), but provide no factual basis for stating a claim.  *See* FAC

18    [Dkt. No. 34] ¶¶ 30, 36; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of

19    action, supported by mere conclusory statements, do not suffice.").  Similarly, allegations that

20    Apple was "willfully blind to the infringing result of its active inducement of its customers and/or

21    end users" or that Apple "had, or should have had, knowledge that its products likely

22    infringed the [asserted] Patent" are mere legal conclusions that should likewise be ignored.  *See*

23    FAC [Dkt. No. 34] ¶ 35; *Iqbal*, 556 U.S. at 678

24    Once legal conclusions masquerading as factual allegations have been discounted, the

25    remaining allegations can support an inference only that Apple knew that its customers were using

26    its products.  Alleging knowledge of use, however, is insufficient to plead knowledge of

27    infringement.  *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL

28    2343163, at *3 (N.D. Cal. June 5, 2012) ("[Plaintiff's] allegations, taken as true, merely indicate

that Defendant Garmin provided other parties with 'instruction' and 'training' in the use of Defendant Garmin's own products."); *cf. Largan Precision Co, Ltd v. Genius Elec. Optical Co.*, No. 13-CV-02502, 2013 WL 5934698, at *3 (N.D. Cal. Nov. 4, 2013) (holding that plaintiffs adequately pled knowledge of infringement where it provided defendant with claim charts for each patent claim alleged to be infringed).

### 2.    The '704, '121, '365 and '208 Patents

With respect to the '704,'121,'365 and '208 patents, Straight Path alleges that Apple "had knowledge of and notice of the [patent-in-suit] and its infringement no later than September 24, 2014, when Straight Path sued Defendant."  FAC [Dkt. No. 34] ¶¶ 46 (the '704 patent), 61 (the '121 patent), 76 (the '365 patent), 91 (the '208 patent).  As discussed above, alleging facts supporting an inference of knowledge of a patent is not enough to state a cognizable claim. *Grobler*, 2013 WL 308937 at *3.  Instead, a complaint must allege facts that support a plausible inference that defendant had knowledge of the infringement.  *Id.*

Furthermore, the FAC's reliance on the complaint in the 2014 Action ("2014 Complaint") to provide knowledge of infringement is misguided.  Courts routinely hold that pleading knowledge of infringement requires more than identifying the patent and the accused product.  *See e.g. Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13–2052, 2014 WL 4675316, at *3–4 (D. Del. Sept.19, 2014) (dismissing induced infringement claim where "[a]lthough the Accused Products were identified in the Complaint and in the FAC, neither document sets out factual allegations regarding how these products are said to infringe the Asserted Patents when utilized by the respective alleged direct infringers."); *Pragmatus AV, LLC v. Yahoo! Inc*., No. CA 11-902-LPS-CJB, 2013 WL 2295344, at *1 (D. Del. May 24, 2013) (dismissing induced infringement claim where "[o]ther than identifying the direct infringers as [] users of Yahoo! Messenger, the FAC contains no facts to suggest that Yahoo! knew that those users infringed or knew how those users infringed the asserted patents."); *c.f. Windy City Innovations, LLC v. Microsoft Corp*., No. 16-CV-01729-YGR, 2016 WL 3361858, at *4 (N.D. Cal. June 17, 2016) (holding that plaintiff adequately alleged knowledge of infringement where it had "explained the invention, particularly defined the

specific [] products and systems accused of infringement, and outlined ways in which these instrumentalities infringe.")

The 2014 Complaint did no more than identify the accused product and paraphrase the language of the patent claims.[2] The 2014 Complaint did not identify any specific claims of the patents allegedly infringed by Apple. The 2014 Complaint did not include claim charts or otherwise explain how Apple's products fall within the scope of the patent claims on a limitation-by-limitation basis. Finally, Straight Path's remaining allegations with respect to the '704,'121,'365 and '208 patents are nearly identical to the allegations set forth in the '469 patent, and therefore suffer the same deficiencies discussed above. Because Straight Path fails to allege facts in the FAC that are sufficient to plausibly infer Apple's knowledge of infringement, all of Straight Path's inducement claims should be dismissed.

**B. The FAC Allegations Do Not Support a Plausible Inference that Apple Intended to Cause its Product Users to Infringe the Patents-in-Suit.**

Inducement requires "evidence of culpable conduct, directed to encouraging another's infringement" and evidence of a "specific intent to encourage another's infringement." *DSU Med. Corp.*, 471 F.3d at 1306. The specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement." *Id.*

First, Straight Path alleges that Apple intended to cause its users to infringe the patents-in-suit because its marketing and support webpages "encourage[] its customers and end users to perform infringing actions." *See, e.g.*, FAC [Dkt. No. 34] ¶ 33. These webpages, however, merely provide high-level descriptions of FaceTime. For example, Apple's marketing webpage (http://www.apple.com/mac/facetime/) advises users that, to make a FaceTime call, the user should click another user's phone number or email address. *See Declaration of Helen Trac, Ex. A*

_____

[2] Indeed, the 2014 Complaint is an example of minimalist "Form 18"-type pleading. Given the recent changes in the law, the 2014 Complaint likely no longer adequately pleads a direct infringement claim, let alone an indirect infringement claim, where the pleading standards have always been higher. *See Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-CV-01729-YGR, 2016 WL 3361858, at *4 (N.D. Cal. June 17, 2016) (applying "higher standard set forth in *Twombly* and *Iqbal*" because "Form 18 [] has been abrogated by amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2015.").

1   (http://www.apple.com/mac/facetime/).[3]  As another example, Apple's support webpage

2   (https://support.apple.com/en-us/HT204380) provides instructions to users on how to open

3   FaceTime, how to make a FaceTime call, and how to use the call waiting feature.  *See* Declaration

4   of Helen Trac, Ex. B (https://support.apple.com/en-us/HT204380).  Nothing on these webpages or

5   any other allegation in the FAC supports a reasonable inference that Apple knew that initiating a

6   FaceTime call would cause its users to infringe any of the patents-in-suit.

7        Notably, Straight Path's inducement claims have previously been dismissed where it

8   alleged only facts supporting the inference that the defendant intended for its customers to use its

9   products.  *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, No. CIV.A. 14-502, 2014 WL

10  3345618, at *2 (D.N.J. July 7, 2014).  In *Vonage*, Straight Path's second amended complaint

11  contained over 450 paragraphs, over 350 of which were added in an attempt to fix the deficiencies

12  in its induced infringement claims.  *Id.*  Nonetheless, the court held that these allegations failed to

13  show that "Defendants specifically intended for the induced acts to infringe the Patents-in-suit."

14  *Id.*  The court found that Straight Path's allegations of "numerous facts" to show that defendants

15  were aware of the patents-in-suit simply did not establish knowledge of infringement.  *Id.*  Nor did

16  Straight Path's allegations that defendants instructed its customers on how to use the accused

17  products.  *Id.*  The court held that at most, Straight Path's allegations established that the

18  defendant "knowingly induced a third party to perform specific acts" and that "as a result of the

19  inducement, the third party directly infringed the Patents-in-suit."  *Id.*  Straight Path's induced

20  infringement allegations in the FAC here are no better than the dismissed allegations in *Vonage*.

21  *See also Logic Devices, Inc. v. Apple Inc.*, No. C 13-02943, 2014 WL 60056, at *2 (N.D. Cal. Jan.

22  7, 2014) (dismissing inducement claims where the allegations were "devoid of any facts that

23

24  [3] "When [a] plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant
    may introduce the exhibit as part of his motion attacking the pleading."  *Ridenhour v. UMG*

25  *Recordings, Inc.*, No. C 11-1613 SI, 2012 WL 463960, at *2 (N.D. Cal. Feb. 13, 2012).  "The
    Ninth Circuit has said that a document is not 'outside' the complaint if the complaint specifically

26  refers to the document and its authenticity is not questioned."  *Id.* (citing *Townsend v. Columbia*
    *Operations*, 667 F.2d 844, 848–49 (9th Cir.1982)).  "The rationale of the 'incorporation by

27  reference' doctrine applies with equal force to internet pages as it does to printed material."
    *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  The FaceTime webpage is just such a

28  document, the contents of which Straight Path has alleged in its Complaint.  Accordingly, the
    Court may consider the FaceTime webpage in ruling on Apple's motion to dismiss.

1   Apple specifically intended that their programmers and developers infringe the [asserted]

2   patents.").

3        Second, Straight Path alleges that Apple intended to cause its users to infringe the patents-

4   in-suit because Apple knew of the patents-in-suit (or was willfully blind) and because Apple had

5   not "removed Facetime from its products" nor taken other "steps to prevent infringement by its

6   customers and/or end users."  *See* FAC [Dkt. No. 34] ¶ 35.  As explained above, however,

7   knowledge of a patent does not support a plausible inference that Apple knew that the use of its

8   products would cause others to infringe.  *See, e.g., Guzik Tech. Enters., Inc. v. W. Dig. Corp.*, No.

9   11-CV-03786-PSG, 2012 WL 1669355, at *3 (N.D. Cal. May 11, 2012).

10       Furthermore, any failure to act by Apple cannot support a plausible inference that Apple

11  took affirmative steps (and therefore, specifically intended) to cause its product users to infringe

12  the patents-in-suit.  Section 271(b) requires a showing "that the accused inducer took an

13  <u>affirmative act to encourage infringement</u> with the knowledge that the induced acts constitute

14  patent infringement."  *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014)

15  (emphasis added); *Global-Tech*, 131 S. Ct. at 2066 ("[T]he adverb 'actively' [in Section 271(b)]

16  suggests that the inducement must involve the taking of <u>affirmative steps</u> to bring about the

17  desired result.") (emphasis added).  Straight Path's attempt to impose upon Apple a duty to

18  prevent another's infringement is misguided and should be rejected.

19       Because Straight Path fails to allege facts sufficient to show that Apple possessed specific

20  intent to cause its users to infringing the patents-in-suit, Straight Path's inducement claims should

21  be dismissed.

22  **V.    CONCLUSION**

23       For the foregoing reasons, Apple respectfully requests that the Court dismiss all of Straight

24  Path's claims for induced infringement in the FAC for failure to state a claim upon which relief

25  could be granted under Rule 12(b)(6) and Rule 8.

26

27

28

1   Dated:  August 25, 2016                    Respectfully submitted,

2                                              HOGAN LOVELLS US LLP

3                                              By:  /s/ Sarah M. Jalali
                                                    _____

4                                              Clayton C. James (Cal. Bar No. 287800)
                                               clay.james@hoganlovells.com
5                                              Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
                                               lucky.vidmar@hoganlovells.com
6                                              Sarah M. Jalali (Cal. Bar No. 244971)
                                               sarah.jalali@hoganlovells.com
7                                              Three Embarcadero Center, Suite 1500
                                               San Francisco, California 94111
8                                              Telephone: (415) 374-2300
                                               Facsimile: (415) 374-2499
9

10                                             *Attorneys for Defendant Apple Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

APPLE INC.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                         12
CASE NO. 3:16-CV-03582-WHA
\\DE - 029613/000087 - 1256309 v7

1

**CERTIFICATE OF SERVICE**

2

       I hereby certify that on August 25, 2016, I electronically filed the foregoing **APPLE**

3

**INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE INDUCED**

4

**INFRINGEMENT CLAIMS IN THE AMENDED COMPLAINT; MEMORANDUM OF**

5

**POINTS AND AUTHORITIES** using the Court's ECF system which will electronically serve

6

the same upon all counsel of record.

7

                    */s/ Sarah M. Jalali*

8

                    Sarah M. Jalali

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28