IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., | No. C 16-03582 WHA |
| Plaintiff, | |
| v. | |
| APPLE INC., | **ORDER RE APPLE'S MOTION TO DISMISS INDUCEMENT CLAIM** |
| Defendant. | |

### INTRODUCTION

In this patent infringement action, the accused infringer moves to dismiss the patent owner's claim for inducement of infringement. For the reasons stated below, the accused infringer's motion is **GRANTED IN PART** and **DENIED IN PART**.

### STATEMENT

Plaintiff Straight Path IP Group, Inc., is a non-practicing entity that acquired United States Patent Nos. 6,108,704 ("the '704 patent"), 6,131,121 ("the '121 patent"), 6,701,365 ("the '365 patent"), 7,149,208 ("the '208 patent"), and 6,009,469 ("the '469 patent") via assignment from non-party NetSpeak Corporation. The patents cover processes for point-to-point communications between applications on computers connected to a network, facilitating, *inter alia*, real-time video conferencing.

In 2014, Straight Path sued defendant Apple Inc. for direct and indirect infringement of the '704, '121, '365, and '208 patents, but not of the '469 patent. Straight Path commenced that action in this district, where it was assigned to the undersigned judge and given case number

14-4302. The complaint accused Apple's Facetime application, which allowed users of Apple's mobile and personal computer devices to make and receive video calls, of infringement.

Also in 2014, Straight Path commenced separate actions against Cisco Systems, Inc., and Avaya Inc., asserting the same patents as well as the '469 patent. Those actions were also assigned to the undersigned judge pursuant to Patent L.R. 2-1(a).

A joint defense group including Cisco, Avaya, and Apple pursued *inter partes* review of the '704, '121, '365, and '469 patents (but not of the '208 patent). The Patent Trial and Appeal Board instituted review of the '704, '121, and '469 patents, but not of the '365 patent. The parties in each of the actions stipulated to a stay of the 2014 actions pending the *inter partes* review proceedings, but an order denied that request. Straight Path voluntarily dismissed all three of its actions in January 2015.

In June 2016, following a win in the *inter partes* review, Straight Path commenced this action, accusing Apple of direct and indirect infringement of the '704, '121, '365, and '208 patents (the same four patents asserted in 2014), now asserting the '469 patent as well (which had only been asserted against Cisco and Avaya in 2014). Straight Path again filed separate actions against Cisco and Avaya. Straight Path commenced all three of those actions in this district, where they were again assigned to the undersigned judge pursuant to Patent L.R. 2-1(a).

Apple moved to dismiss Straight Path's claims for induced infringement of all five asserted patents in August. In lieu of a response, Straight Path amended its complaint, and an order denied Apple's motion as moot. Apple then made the instant motion to dismiss Straight Path's amended claims for induced infringement. This order follows full briefing and oral argument.

**ANALYSIS**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. 271(b). A claim for active inducement under Section 271(b) "requires knowledge that the induced acts constitute[d] patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Induced infringement also requires proof that the accused inducer "possessed a specific intent to encourage another's infringement of the patent."

*Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

Apple contends that Straight Path has failed to plead both the requisite knowledge and the requisite intent as to each of its claims. This order addresses each issue in turn.

**1.    KNOWLEDGE.**

In *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. __, 135 S. Ct. 1920, 1928 (2015), the Supreme Court clarified that the knowledge standard set forth in *Global-Tech* required proof not only that the accused inducer of infringement had "knowledge of the patent" but also "proof the defendant knew the acts were infringing." That is, a claim for induced infringement cannot lie where the accused inducer reasonably reads the patent's claims to exclude the induced conduct, simply because it knew those acts "might infringe" if that reasonable claim construction was not adopted. *Ibid.*

Straight Path alleges that Apple knew of the '704, '121, '365, and '208 patents (but not the '469 patent) and that its customers' use of Facetime infringed those patents based on the 2014 complaint accusing Apple of infringement of those patents. Apple does not deny knowledge of the patents asserted in 2014 but contends that the 2014 complaint was insufficient to charge Apple with knowledge that its customers' use of Facetime infringed those patents.[1]

Apple cites *Neology, Inc. v. Kaspsch Trafficcom IVHS, Inc.*, No. 13-2052, 2014 WL 4675316, at *3–4 (D. Del. Sept. 19, 2014) (Judge Christopher J. Burke), and *Pragmatus AV, LLC v. Yahoo! Inc.*, No. 11-902, 2013 WL 2295344, at *1 (D. Del. May 24, 2013) (Judge Leonard P. Stark), for the proposition that a patent owner cannot plead knowledge of infringement based solely on allegations that the accused inducer received materials identifying the patents and the accused products. Those decisions both involved bare-bones allegations that failed to provide even a summary of the scope of the asserted patents. Straight Path's 2014 complaint, however, went beyond merely identifying the patents and the accused products and actually summarized the claim limitations that it contended were met (paraphrasing in a way that indicated Straight Path's interpretation of the scope of the patents) and identified the

---

[1] As a threshold matter, Straight Path may not use this litigation to seek money relief as to infringement that post-dated the complaint unless it later supplements its complaint. Thus, this order does not address whether Apple can be charged with knowledge of infringement based on the *instant* complaint.

3

product, Facetime, that met those claim limitations (Pl.'s Opp., Exh. 1 ¶¶ 16, 19, 27, 30, 38, 41, 49, 52). Notwithstanding that distinction, Apple contends that Straight Path's 2014 complaint still falls short of the materials that could support a claim for induced infringement.

Apple next cites *Windy City Innovations, LLC v. Microsoft Corp.*, No. 16-1729, 2016 WL 3361858, at *4–5 (N.D. Cal. June 17, 2016) (Judge Yvonne Gonzalez-Rogers), wherein the accused inducers were charged with knowledge that its products infringed the asserted patent for inducement that occurred after the complaint was filed. The decision in *Windy City* found the complaint adequately charged the accused inducers with knowledge of infringement. The decision did not describe or analyze the complaint in detail, but the complaint walked through the various claim limitations and pointed to components of the accused products that met *each* claim limitation (Pl.'s Opp., Exh. 2 ¶ 30).

Similarly, in *Largan Precision Co, Ltd. v. Genius Electronics Optical Co., Ltd.*, No. 13-2502, 2013 WL 5934698, at *3 (N.D. Cal. Nov. 4, 2013) (Judge William H. Orrick), the patent owner provided the accused inducer with a detailed claim chart prior to filing the lawsuit. The claim chart "appear[ed] to explain in detail how [the accused infringer's] lenses, incorporated into the two identified [accused] products, read on the claims of the patents-in-suit." *Id.* at *4.

Straight Path's 2014 complaint was not so detailed as the materials provided to the accused infringers in *Windy City* or *Largan*. Although it recited claim language and identified the claim limitations Straight Path contended were met by the accused products, the 2014 complaint did not explain the relationship between those claim limitations and any component or function of the accused products. On the other hand, the 2014 complaint exceeded the bare assertions in *Neology* and *Pragmatus*.

Notably, Apple does not contend that the 2016 complaint insufficiently alleged direct infringement claims under *Twombly* and *Iqbal* (which did not apply to Straight Path's direct infringement claims in 2014). This order finds that in light of Apple's immersion in litigation involving the '704, '121, '365, and '208 patents beginning in 2014, it is plausible that Apple performed some analysis of those patents and came to the same conclusions that form the basis for Straight Path's direct infringement claims now — allegations Apple declined to challenge as

4

insufficient to support a claim for direct infringement. At this stage, Straight Path is entitled to discovery into Apple's state of mind as to the patents asserted in 2014.[2]

The same cannot be said, however, for Apple's purported knowledge of its infringement of the '469 patent, which was never asserted against Apple in the 2014 action. Straight Path contends that Apple gained knowledge of the '469 patent and knowledge that its products infringed that patent by participating in the joint defense group that challenged that patent in an *inter partes* review proceeding. It is simply implausible to infer that Apple performed analysis and concluded that its products infringed the '469 patent based solely on the fact that Straight Path had asserted it against *others* in Apple's joint defense group but *not against Apple*. Accordingly, Straight Path's claim for induced infringement of the '469 patent is **DISMISSED**.

This order now turns to the intent element as to the remaining patents.

### 2. INTENT.

To survive a motion to dismiss, a patent owner's complaint "must contain facts plausibly showing that [the accused inducer] specifically intended [its] customers to infringe" the asserted patents. *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). The instant complaint alleges that even after Straight Path accused Apple's Facetime product in the 2014 action, Apple continued to encourage its customers to use Facetime. Apple contends that Straight Path's complaint failed to allege the requisite specific intent.

Apple offers no explanation for why — assuming it can be charged with knowledge that use of Facetime infringed the '704, '121, '365, and '208 patents — it cannot then be charged with intentionally inducing infringement by marketing that very product. Instead, it relies on inapposite authorities that simply repackage its arguments about the knowledge element,

---

[2] Patent L.R. 3-1 requires the party asserting patent infringement to provide detailed infringement contentions *after* the initial case management conference (and thus well after the complaint has been filed). The Federal Trade Commission recently identified the "early" disclosure required by Patent L.R. 3-1 as one effective means for controlling the asymmetries in discovery costs in infringement suits brought by patent assertion entities. FEDERAL TRADE COMMISSION, PATENT ASSERTION ENTITY ACTIVITY 10 n.21 (Oct. 2016).

This order notes that our Patent Local Rules were drafted before the abrogation of Form 18. Thus, the full disclosure of infringement contentions may now be appropriate in the initial pleading. Apple does not challenge the sufficiency of Straight Path's direct infringement allegations here, so this order does not address the sufficiency of those allegations.

5

already rejected above.

Apple cites *Straight Path IP Group, Inc. v. Vonage Holdings Corp.*, No. 14-502, 2014 WL 3345618, at *2 (D.N.J. July 7, 2014) (Judge Jose Linares), as an example of our very same plaintiff's inadequately pled claim for induced infringement. There, the prior owner of Straight Path's patents had sent a competitor a letter identifying the patents and encouraging it to purchase the patent owner's products. The letter never accused any product of infringing. When Straight Path later acquired the patents and asserted them against the prior owner's competitor, it alleged that the competitor had conducted analysis as to whether its products infringed (or deliberately avoided doing so). The *Vonage* decision held Straight Path's allegations based on a letter that never actually accused anyone of infringement (unlike the 2014 complaint here) were conclusory and thus dismissed the inducement claims.

The *Vonage* decision discussed its holding as a failure by Straight Path to plead specific intent, but it ultimately rested on the same issue already addressed above: Whether the accused inducer knew its products infringed the patents. As stated, the allegations plausibly suggest that in 2014 Apple was so immersed in litigation in asserting the '704, '121, '365, and '208 patents that it conducted an infringement analysis and reached the same conclusion of infringement now described in greater detail in the instant complaint.

Apple also cites the undersigned judge's decision in *Logic Devices, Inc. v. Apple, Inc.*, 13-2943, 2014 WL 60056, at *1 (N.D. Cal. Jan. 7, 2014). There, the patent owner accused Apple of inducing others to infringe simply by "developing, programming, modifying, enhancing, updating, debugging and/or compiling" versions of the accused software. "Other than identify who committed the alleged direct infringement . . . and how . . . the complaint [was] devoid of any facts that Apple knew or should have known its activities would induce actions by others which constituted infringement . . . ." That decision rejected the patent owner's argument that the complaint itself provided the requisite knowledge because the patent had already expired by the time the complaint was filed. Thus, *Logic Devices* rejected the induced infringement claims because the patent owner failed on the *knowledge* element. *Logic Devices* is inapposite.

6

Here, Apple plausibly became aware that Facetime infringed the '704, '121, '365, and '208 patents in the manner described in the instant complaint based on its immersion in litigation involving those patents in 2014. Thus, Apple's promotion of the Facetime product since 2014 also plausibly supports the inference that it had the specific intent to encourage its users to infringe. At the pleading stage, that is sufficient to state a claim for induced infringement.

## CONCLUSION

For the reasons stated above, Apple's motion is **GRANTED** as to claims of induced infringement of the '469 patent and otherwise **DENIED**. Straight Path may not seek leave to amend the dismissed claim due to futility.

**IT IS SO ORDERED.**

Dated: October 21, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7