**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

STRAIGHT PATH IP GROUP, INC.,

      Plaintiff,

      v.

APPLE INC.

      Defendant.

**Case No. 3:16-cv-03582-WA**

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

1   Plaintiff Straight Path IP Group, Inc. ("Plaintiff") and Defendant Apple Inc. ("Defendant")

2   anticipate that documents, testimony, or information containing or reflecting confidential,

3   proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed

4   or produced during the course of discovery, initial disclosures, and supplemental disclosures

5   in this case and request that the Court enter this Order setting forth the conditions for treating,

6   obtaining, and using such information.

7   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

8   cause for the following Agreed Protective Order Regarding the Disclosure and Use of

9   Discovery Materials ("Order" or "Protective Order").

10   1.   **PURPOSES AND LIMITATIONS**

11   (a)   Protected Material designated under the terms of this Protective Order shall

12   be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for

13   any other purpose whatsoever.

14   (b)   The Parties acknowledge that this Order does not confer blanket protections

15   on all disclosures during discovery, or in the course of making initial or supplemental disclosures

16   under Rule 26(a).  Designations under this Order shall be made with care and shall not be made

17   absent a good faith belief that the designated material satisfies the criteria set forth below.  If it

18   comes to a Producing Party's attention that designated material does not qualify for protection at

19   all, or does not qualify for the level of protection initially asserted, the Producing Party must

20   promptly notify all other Parties that it is withdrawing or changing the designation.

21   2.   **DEFINITIONS**

22   (a)   "Discovery Material" means all items or information, including from any

23   non-party, regardless of the medium or manner generated, stored, or maintained (including, among

24   other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated

25   in connection with discovery or Rule 26(a) disclosures in this case.

26

27

28

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

(b)     "Outside Counsel" means (i) outside counsel who have made an appearance in the case as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Patents-in-suit" means U.S. Patent No. 6,009,469, U.S. Patent No. 6,108,704, U.S. Patent No. 6,131,121, U.S. Patent No. 6,701,365, U.S. Patent No. 7,149,208 and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings, object code listings, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

3.      **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a).

4.      **SCOPE**

3

RUSS, AUGUST & KABAT

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who reviews or otherwise learns the content of one or more

4

items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of systems for establishing point-to-point communication links between devices through a network (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of systems for establishing point-to-point communication links between devices through a network.  These prohibitions are not intended to and shall not preclude Plaintiff's counsel from participating in reexamination, inter partes review, covered business method review, or reissue proceedings of the Patents-in-suit, so long as no claim amendments are made during the course of those proceedings, either by Plaintiff's counsel or any other counsel in those proceedings. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first reviewed or learned by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States.

(d)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in

1  whole or in part upon Protected Materials, provided counsel does not disclose the Protected

2  Material itself except as provided in this Order.

3      (e)  Limitations.  Nothing in this Order shall restrict in any way a Producing

4  Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any

5  way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become

6  publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known

7  to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed

8  and/or provided by the Producing Party to the Receiving Party or a non-party without an

9  obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the

10  Producing Party; or (v) pursuant to order of the Court.

11      7.  **DESIGNATING PROTECTED MATERIAL**

12      (a)  Available Designations.  Any Producing Party may designate Discovery

13  Material with any of the following designations, provided that it meets the requirements for such

14  designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS'

15  EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

16  CODE."  Each Party or Non-Party that designates information or items for protection under this

17  Order must take care to limit any such designation to specific material that qualifies under the

18  appropriate standards.

19      (b)  Written Discovery and Documents and Tangible Things.  Written

20  discovery, documents (which include "electronically stored information," as that phrase is used in

21  Federal Rule of Procedure 34), and tangible things that meet the requirements for the

22  confidentiality designations listed in Paragraph 7(a) may be so designated by placing the

23  appropriate designation on every page of the written material prior to production.  For digital files

24  being produced, the Producing Party may mark each viewable page or image with the appropriate

25  designation, and mark the medium, container, and/or communication in which the digital files were

26  contained.  In the event that original documents are produced for inspection, the original

27

28

RUSS, AUGUST & KABAT

documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     Native Files.  Where electronic files and documents are better produced in native electronic format, e.g., large spreadsheets or schematics that would be unreadable on standard sheet sizes, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice identifying which portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  During this thirty (30) day period, any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order.  Where Protected Material is disclosed during a

RUSS, AUGUST & KABAT

1  deposition, a court reporter shall be informed of this Protective Order and shall be required to

2  operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped,

3  the original and all copies of the videotape shall be marked by the video technician to indicate that

4  the contents of the videotape are subject to this Protective Order, substantially along the lines of

5  "This videotape potentially contains confidential testimony and is not to be viewed or the

6  contents thereof to be displayed or revealed except pursuant to the terms of the operative

7  Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for

8  any Producing Party shall have the right to exclude from oral depositions, other than the

9  deponent, deponent's counsel, the reporter and videographer (if any), any person who is not

10  authorized by this Protective Order to receive or access Protected Material based on the

11  designation of such Protected Material.  Such right of exclusion shall be applicable only during

12  periods of examination or testimony regarding such Protected Material.

13       8.  **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

14       (a)  A  Producing  Party  may  designate  Discovery  Material  as

15  "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially

16  sensitive information.

17       (b)  Unless otherwise ordered by the Court, Discovery Material designated as

18  "CONFIDENTIAL" may be disclosed only to the following:

19       (i)  The Receiving Party's Outside Counsel, such counsel's paralegals

20  and staff, and any copying or clerical litigation support services working at the direction of such

21  counsel, paralegals, and staff;

22       (ii)  Not more than two (2) representative of the Receiving Party who are

23  officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for

24  the Receiving Party, as well as all paralegals and staff assigned to support the case, provided that:

25  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing

26  a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper

27  notice has been given to all Parties as set forth in Paragraph 12 below;

28   

RUSS, AUGUST & KABAT

8

RUSS, AUGUST & KABAT

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

RUSS, AUGUST & KABAT

(a)     A   Producing   Party   may   designate   Discovery   Material   as
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is
extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that
the disclosure of such Discovery Material is likely to cause economic harm or significant
competitive disadvantage to the Producing Party.  The Parties agree that the following information,
if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
designation:   trade secrets, pricing information, financial data, sales information, sales or
marketing forecasts or plans, business plans, sales or marketing strategy, product development
information, engineering documents, testing documents, employee information, and other non-
public information of similar competitive and business sensitivity.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside
Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,
730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such
Outside Counsel's paralegals and staff, and any copying or clerical litigation support services
working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to
assist in this action, provided that disclosure is only to the extent necessary to perform such work;
and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the
Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current
officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time
of retention to become an officer, director, or employee of a Party or of a competitor of a Party;
(c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S.
Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a
competitor of a Party; (d) such expert or consultant accesses the materials in the United States
only, and does not transport them to or access them from any foreign jurisdiction; and (e) no

1    unresolved objections to such disclosure exist after proper notice has been given to all Parties as

2    set forth in Paragraph 12 below;

3                    (iii)    Court reporters, stenographers and videographers retained to record

4    testimony taken in this action;

5                    (iv)    The Court, jury, and court personnel;

6                    (v)    Graphics, translation, design, and/or trial consulting personnel,

7    having first agreed to be bound by the provisions of the Protective Order by signing a copy of

8    Exhibit A;

9                    (vi)    Any mediator who is assigned to hear this matter, and his or her

10   staff, subject to their agreement to maintain confidentiality to the same degree as required by this

11   Protective Order; and

12                   (vii)    Any other person with the prior written consent of the Producing

13   Party.

14       10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

15            **OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

16                   (a)    To the extent production of Source Code becomes necessary to the

17   prosecution or defense of the case, a Producing Party may designate Source Code as

18   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises

19   or includes confidential, proprietary, and/or trade secret Source Code.

20                   (b)    Nothing in this Order shall be construed as a representation or admission

21   that Source Code is properly discoverable in this action, or to obligate any Party to produce any

22   Source Code.

23                   (c)    Unless otherwise ordered by the Court, Discovery Material designated as

24   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be

25   subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to

26   Paragraph 11 below, solely to:

27

28

RUSS, AUGUST & KABAT

11

(i)     The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)     Any other person with the prior written consent of the Producing Party.

11.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Los Angeles office of its outside counsel, Russ, August & Kabat, or any other location mutually agreed by the Parties. Any Source Code that is produced

by a Defendant will be produced at an office of that Defendant's counsel selected by Defendant, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8:30 a.m. and 5:30 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide three (3) days' notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code on the Source Code Computer.  An example of such a tool is Notepad++. Default Windows programs (such as Notepad and Windows search) are not sufficient.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools, if any is necessary; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least

fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  No spyware (such as a keylogger) may be installed on the Source Code Computer.

(ii)     Where reasonably practical, source Code shall be made available for inspection as it is kept in the ordinary course of business (including but not limited to in native form and using the file-naming and directory structure in which it is ordinarily kept), in native format.  If producing Source Code as it is kept in the ordinary course of business is not reasonably practical for a particular portion of Source Code, the Producing Party shall notify the Receiving Party before the inspection, and the parties shall meet and confer as to the manner in which the source code will be made available for inspection.

(iii)    No recordable media or recordable devices, including without limitation sound recorders, computers with cameras, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iv)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy more than three consecutive lines of the Source Code into the notes.  Notes may be taken electronically only on a computer without a camera.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may request that the Producing Party print and produce limited portions of the Source Code only when necessary to further the litigation, including but not limited to developing legal arguments, preparing court filings or pleadings or other papers (including a testifying expert's expert report).  The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but any more than fifteen (15) pages of a continuous block of Source Code and/or 200 total pages shall be presumed to be excessive.

RUSS, AUGUST & KABAT

However, the Parties agree to meet and confer in good faith to resolve Source Code printing requests that are presumptively excessive under this paragraph.  The Receiving Party shall not request Source Code printouts in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that requests for printed Source Code are permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Upon requesting printed source code The Producing Party shall Bates number and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages requested by the Receiving Party.  Within seven (7) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the requested portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the requested Source Code in question is narrowly tailored and was requested for a permitted purpose..

       (vi)    All non-Outside Counsel persons who will review a Producing Party's Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

       (vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room

15

RUSS, AUGUST & KABAT

following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)   The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  However, Producing Party may request a copy of the log from Receiving party, and upon three (3) days' notice the Receiving Party shall provide a copy of this log to the Producing Party.  If the Receiving Party believes the request is made for a purpose other than monitoring compliance with this Protective Order, a motion may be made to the Court.

(x)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times

16

RUSS, AUGUST & KABAT

when it is not in use.  Unless otherwise agreed to by the Parties, no more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of the Producing Party's Source Code (except insofar as such code appears in any court filing or expert report).  The Parties will meet and confer in good faith should Receiving Party demonstrate a good faith need to share Source Code with more than ten (10) individuals.

(xi)   Upon request of the Receiving Party, the Producing Party shall bring to a deposition a single copy of all Source Code that has been produced in printed form to the Receiving Party during the case.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel.

(xii)  Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  Where it is reasonably necessary to include Source Code in materials filed with the Court, the Receiving Party must take all available measures to ensure that the filing is made in a way to prevent public disclosure of the Source Code, including for example, by following the Court's procedures for filing materials under seal pursuant to Civil L.R. 79-5.

12.   **NOTICE OF DISCLOSURE**

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), ~~Error! Reference source not found.,~~ 9(b)(ii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

17

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person, if the information is not on the curriculum vitae;

(iv) ~~identifies~~ each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years;

(v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person reasonably anticipates in the future to have any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

A Party may seek additional information about the Person's professional activities if, in good faith, the Party believes that the information is required to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(b)     Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within the ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court

18

within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Protected Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated,

19

RUSS, AUGUST & KABAT

and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The objecting Party shall have the burden of justifying its objection;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  This Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.   **SUBPOENAS OR COURT ORDERS**

(a)      If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Receiving Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Producing Party who has produced such Discovery Material and to its counsel and shall provide Producing Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

RUSS, AUGUST & KABAT

Russ, August & Kabat

15. **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5. Requests for sealing should be limited to only those narrowly tailored portions of materials for which good cause to seal exists.  All other portions of the materials should be included in the public file and clearly indicate therein where material has been redacted and sealed.  Each filing requires an individualized sealing order; blanket prospective authorizations are not allowed by Civil Local Rule 79-5.

(c)     Chambers copies should include all material — both redacted and unredacted — so that chambers staff does not have to reassemble the whole brief or declaration. Although chambers copies should clearly designate which portions are confidential, chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.

(d)     In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that more than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial.  Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised.  Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the movant first shows a "compelling reason," a substantially higher standard than "good cause."  This will be true regardless of any stipulation by the parties.  ***Counsel are warned that most summary judgment motions and supporting material should be completely open to public view.***  Only social security numbers, names of juveniles, home addresses and phone numbers, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will qualify.  If the courtroom would

21

not be closed for the information, nor should any summary judgment proceedings, which are, in effect, a substitute for trial. Motions *in limine* are also part of the trial and must likewise be laid bare absent compelling reasons. Please comply fully. Noncompliant submissions are liable to be stricken in their entirety.

(e)     Any confidential materials used openly in court hearings or trial will not be treated in any special manner absent a further order.

(f)     This order does not preclude any party from moving to undesignate information or documents that have been designated as confidential. The party seeking to designate material as confidential has the burden of establishing that the material is entitled to protection.

16.     **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. The request to return shall include a privilege log containing the inadvertently produced Discovery Material, unless the inadvertently produced Discovery Material need not be logged pursuant to the parties' agreement reflected in the Joint Case Management Conference Statement.

(c)     Nothing herein shall prevent Receiving Party from making a motion for the production of the returned document if Receiving Party believes the privilege claim is inappropriate.

22

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)   Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

23

(a)      In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.    **FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must destroy any pleadings, correspondence, and consultant work product that contain Source Code.

20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

RUSS, AUGUST & KABAT

(b)      Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

21.   **MISCELLANEOUS**

(a)      <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)      <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)      <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)      <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)      <u>Burdens of Proof</u>.  Other than as set forth above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(f)    Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

(g)    Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

DATED: January 19, 2017                    RUSS, AUGUST & KABAT

By:  /s/ Andrew D. Weiss
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
Neil A. Rubin, SBN 250761
nrubin@raklaw.com
12424 Wilshire Boulevard Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
STRAIGHT PATH IP GROUP, INC.

By:   /s/ Clayton C. James (*by permission*)
Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com

26

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**Case No. 3:16-cv-03582-WA**

1   Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
    lucky.vidmar@hoganlovells.com
2   Sarah M. Jalali (Cal. Bar No. 244971)
    sarah.jalali@hoganlovells.com
3   HOGAN LOVELLS US LLP
    Three Embarcadero Center, Suite 1500
4   San Francisco, California 94111
    Telephone: (415) 374-2300
5   Facsimile: (415) 374-2499

6
    C. Matthew Rozier (pro hac vice)
7   matt.rozier@hoganlovells.com
    HOGAN LOVELLS US LLP
8   1601 Wewatta Street, Suite 900
    Denver, CO  80202
9   Telephone: (303) 899-7300
    Facsimile: (303) 899-7333
10

11  Attorneys for Defendant Apple Inc.

12

13  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14  DATED:   January 23, 2017.

15  _____
    HON. WILLIAM ALSUP
16  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

RUSS, AUGUST & KABAT

27

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**Case No. 3:16-cv-03582-WA**

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Straight Path IP Group, Inc. v. Apple, Inc.,* United States District Court, Northern District of California, San Francisco Division, Civil Action No. 3:16-CV-03582-WA.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
**Case No. 3:16-cv-03582-WA**