**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., | No. C 16-03582 WHA |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| APPLE, INC., | |
| Defendant. | |

The Court is in receipt of defendant Apple, Inc.'s motion to compel plaintiff Straight Path IP Group, Inc., to limit the number of claims asserted in this patent action. The motion states in part (Dkt. No. 69 at 1 (bold in original)):

> Just two weeks after the Court's admonition not to start off with **thirty**-seven claims and to eventually arrive at no more than two asserted claims for any potential trial, Straight Path served infringement contentions asserting **forty**-seven claims. After a long back-and-forth during which Apple repeatedly reminded Straight Path that its assertion of forty-seven claims directly contravened the Court's guidance, Straight Path finally agreed to and made an initial token reduction to thirty-two asserted claims on October 28, 2016. Nearly four months have passed since that initial reduction, and Straight Path has refused to further reduce the number of asserted claims despite repeated requests from Apple and clear guidance from the Court that the number of asserted claims should be steadily pared down as the litigation progresses. Counting independent claims that remain at issue by virtue of an asserted dependent claim, Straight Path actually continues to put thirty-eight claims at issue.

Both sides are ordered to **SHOW CAUSE** — Straight Path in its opposition brief to the aforementioned motion and Apple in its reply thereto — why the Court should not enter an

amended case management order providing for pilot summary judgment motions.  Under such an order, Straight Path would select one — and only one — asserted claim as its strongest example of infringement, and Apple would select one — and only one — asserted claim as its strongest example of non-infringement.  Both sides would then move for summary judgment on their chosen claims.  This procedure would quickly reach the merits of this action, assist in whittling down the number of asserted claims, and educate the undersigned judge about the technology at issue.  Moreover, the outcome of the exchange might warrant entry of a preliminary injunction (if Straight Path prevails) or sanctions (if Apple prevails), or both.

This order does not alter the briefing schedule for Apple's motion.  Please do not attempt to use this order as an excuse to request additional pages for briefing.

**IT IS SO ORDERED.**

Dated:  March 9, 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2