IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAIGHT PATH IP GROUP, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

No. C 16-03582 WHA

**ORDER RE MOTION TO LIMIT THE NUMBER OF ASSERTED CLAIMS**

## INTRODUCTION

In this action for patent infringement, defendant moves to limit the number of asserted claims. The motion is **GRANTED IN PART**.

## STATEMENT

This is not the first lawsuit between plaintiff Straight Path IP Group, Inc., and defendant Apple Inc. In September 2014, Straight Path sued Apple in this district, asserting claims for infringement of four patents — 6,108,704 ("the '704 patent"), 6,131,121 ("the '121 patent"), 6,701,365 ("the '365 patent"), and 7,149,208 ("the '208 patent"). *Straight Path IP Grp. Inc. v. Apple Inc.*, No. 3:14-cv-04302-WHA (*Straight Path I*). *Straight Path I* was assigned to the undersigned judge and related to other actions also initiated by Straight Path. In January 2015, Straight Path voluntarily dismissed the case.

On June 24, 2016, Straight Path filed the instant action, asserting the same four patents as in *Straight Path I* plus one additional patent — 6,009,469 ("the '469 patent") (Dkt. No. 1 at

1). The complaint alleged both direct and induced infringement. Once again, the case was related to other actions initiated by Straight Path and reassigned to the undersigned judge.

On August 5, 2016, Apple moved to dismiss the complaint's claims of induced infringement (Dkt. No. 26). In lieu of a substantive response, Straight Path filed an amended complaint to moot the motion (Dkt. Nos. 34–41). Apple then filed a new motion to dismiss the amended complaint's claims of induced infringement (Dkt. No. 44).

On September 22, 2016, and while the motion remained pending, the Court held an initial case management conference. At that conference, the undersigned judge had the following exchange with counsel for Straight Path (Dkt. No. 59 at 24:21–25:10):

> THE COURT: Look, if this is one of those cases where you think you're going to be able to assert 26 claims, no. I'm going to be real tough on this. We're going to find a way to make this manageable. We're going to have a jury over there. There is no way you would go to a jury against any one of these companies — a good lawyer never goes to trial on a patent case with more than two claims.
>
> MR. RUBIN: Your Honor, I went to trial on a patent case last week with exactly two claims.
>
> THE COURT: So two claims is good. But you got to get there, and you can't start off with 37 claims and then figure out which ones you're going to lose on and finally give it all up at the end. Look, that's not fair to the system. You ought to be able to know which ones you've got a good faith basis for.

On October 21, 2016, an order granted Apple's motion to dismiss only as to claims of induced infringement of the '469 patent, and otherwise denied the motion (Dkt. No. 61).

Apple filed the instant motion on March 8 of this year, protesting Straight Path's refusal to reduce the number of asserted claims below 38 (Dkt. No. 69 at 1). The motion noted that Straight Path had offered to limit itself to 16 claims if Apple would also limit itself to 16 anticipation and obviousness arguments by July 28, 2017 — over a year after the filing of this action (Dkt. No. 69-12). An order issued the next day, requiring both sides to show cause in their briefing why the case management order should not be amended to include pilot summary judgment motions to quickly reach the essence of this action (Dkt. No. 70).

Straight Path responded that it had voluntarily reduced its number of asserted claims to 14 over five patents in suit — a concession made just two days before its opposition was due

2

(Dkt. Nos. 71 at 2; 71-2). Straight Path also complained that Apple has not limited its prior art references and suggested that "Apple should be limited to no more than 5 anticipation references or obviousness combinations per patent (with no more than 14 total references and combinations)" (Dkt. No. 71 at 4). Finally, Straight Path noted that it "believes that an average of one asserted claim per patent is reasonable to take to trial if necessary" and proposed "that no later than Monday, November 13, 2017 (5 days after the Summary Judgment hearing), the parties limit their claims to no more than 5 asserted claims and 5 anticipation references or obviousness combinations" (*ibid.*). In advocating against pilot summary judgment motions, however, Straight Path also noted that it "believes that successful summary judgements of infringement (or non-infringement) are unlikely this case" (*id.* at 6).

In its reply, Apple counter-offered to reduce its prior art assertions to 25 total, with no more than seven per patent (and combinations counting as only one), within 14 days after Straight Path further reduces its asserted claims to 10 (Dkt. No. 74 at 5).

**ANALYSIS**

Our patent system has descended from a time-honored system wherein a few selected claims of one or two patents would be asserted to a regime in which entire "portfolios" of patents are hurled at successful lines of products in the hope that somehow, in some way, at least one of the claims will stick. The burden this portfolio practice places on judges and juries has become enormous. Fortunately, the Federal Circuit has recognized that district judges have case management authority to trim these cases down to manageable size and to reduce the drain on resources.

Specifically, district courts have authority to limit the number of asserted claims in patent cases, provided that patent owners are allowed to show why additional claims are needed to satisfy due process. *See Nuance Commc'ns, Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1376 (Fed. Cir. 2016) (discussing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011)). In determining whether and how to limit the number of asserted claims, courts may consider, for example, the feasibility of trying the claims to a jury, whether the patents in suit share common genealogy, whether the patents contain

3

terminal disclaimers, and whether the asserted claims are duplicative.  Moreover, depending on the circumstances of the case, courts may conclude "that it would be more efficient to require [the patent owner] to point out those unselected claims that raised separate issues of infringement and invalidity rather than requiring the defendants to prove that all of the unselected claims were duplicative." *See Katz*, 639 F.3d at 1311–12.  The same is true for invalidity defenses — the district judge can limit the number of prior art references.  *Cf. ibid.*

By **APRIL 25**, Straight Path shall limit its case to ten claims.  By **MAY 8**, Apple shall limit its prior art references to 20 (as against all ten claims for all invalidity purposes).  Also by those deadlines, each side must file any motion it wishes to make explaining in detail why due process in this case would require more than ten asserted claims or 20 prior art references, respectively, said motions to be heard on the normal 35-day track.

## CONCLUSION

For the foregoing reasons, Apple's motion to limit the number of asserted claims is **GRANTED IN PART**.

**IT IS SO ORDERED.**

Dated:  April 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE