IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAIGHT PATH IP GROUP, INC.,

    Plaintiff,

  v.

APPLE INC.,

    Defendant.

No. C 16-03582 WHA

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

Defendant in this patent infringement action moves for judgment on the pleadings on the basis that the second amended complaint fails to state a claim for relief. The motion is **DENIED**.

## STATEMENT

The procedural background of this action has been summarized in detail in a prior order (Dkt. No. 61) and need not be repeated here. In short, this is the second lawsuit by plaintiff Straight Path IP Group, Inc., a non-practicing entity, against defendant Apple Inc. for infringement of patents covering processes for "point-to-point communications" between applications on computers connected to a network. The patents in suit are United States Patent Nos. 6,108,704 ("the '704 patent"), 6,131,121 ("the '121 patent"), 6,701,365 ("the '365 patent"), 7,149,208 ("the '208 patent"), and 6,009,469 ("the '469 patent"). The accused product is Apple's FaceTime application, which allows users to make and receive video calls using Apple's mobile and personal computer devices.

In August 2016, Apple moved to dismiss the induced infringement claims in the first amended complaint (Dkt. No. 44). A prior order granted the motion in part as to the '469 patent but otherwise denied it, concluding that Straight Path had adequately pled both the requisite knowledge and the requisite intent to state claims for induced infringement as to its other asserted patents. That order denied leave to amend as futile (Dkt. No. 61).

At a hearing on April 13 of this year to discuss trimming down the number of asserted claims and prior art references, and after defense counsel represented that the first amended complaint still did not sufficiently plead claims for infringement, the undersigned judge gave Straight Path one week to file a second amended complaint and invited Apple to bring a motion for judgment on the pleadings. An order issued the same day, requiring Straight Path to limit its case to ten claims and Apple to limit its case to twenty prior art references by April 25 and May 8, respectively (Dkt. No. 78 at 4).

Straight Path filed its second amended complaint on April 20 (Dkt. No. 84). The second amended complaint remains substantially unchanged from its predecessor, includes claim charts for each asserted patent, and accuses Apple of directly infringing seven claims of the '469 patent (Dkt. No. 84 ¶ 29), twenty-five claims of the '704 patent (*id.* ¶ 44), eight claims of the '121 patent (*id.* ¶ 59), one claim of the '365 patent (*id.* ¶ 74), and six claims of the '208 patent (*id.* ¶ 89) — forty-seven claims in all. Approximately two months later, on June 15, Apple filed the instant motion (Dkt. No. 89). This order follows full briefing and oral argument.[1]

**ANALYSIS**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Analysis under FRCP 12(c) is "substantially identical" to analysis under FRCP 12(b)(6). Under both, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Both sides agree that the pleading standards set forth by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

---

[1] After the hearing on this motion, Straight Path notified the Court of the ten claims it is currently asserting against Apple (Dkt. No. 101).

2

(2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), govern all claims for relief in Straight Path's second amended complaint (*see* Dkt. Nos. 89 at 4–5, 91 at 4).

Apple seeks judgment on the pleadings (1) as to all claims of induced infringement, (2) as to all claims of direct infringement, and (3) that Straight Path is not entitled to enhanced damages for willful infringement under Section 284 of Title 35 of the United States Code even if any of its claims survive (Dkt. No. 89). This order addresses each point in turn.

1. **INDUCED INFRINGEMENT CLAIMS.**

As a preliminary matter, this order acknowledges, as does Straight Path, that the second amended complaint "retained the induced infringement claims concerning the '469 patent which the Court previously dismissed" (Dkt. No. 91 at 3 n.1). Straight Path explains that it kept in the dismissed claims "solely to avoid an argument that [it] had voluntarily withdrawn these claims and thereby waived its ability to appeal," and "understands that the Court's dismissal of the '469 patent induced infringement claims applies to the Second Amended Complaint" (*ibid.*). This order confirms that all induced infringement claims as to the '469 patent remain dismissed notwithstanding their re-assertion in the second amended complaint.

As to the remainder of Straight Path's induced infringement claims, and as Straight Path points out, Apple essentially repackages arguments from its prior mostly-unsuccessful motion to dismiss. Apple does not dispute the duplicative nature of its arguments and agrees that the second amended complaint remains "substantively unchanged from the prior version" (*e.g.*, Dkt. No. 89 at 1), but nevertheless urges a different outcome here on the basis that the second amended complaint constitutes a separate pleading. In support of its position, Apple cites the "general rule . . . that an amended complaint supercedes the original complaint and renders it without legal effect" (Dkt. No. 93 at 2–3). *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). This proposition is true as far as it goes, but is unresponsive to the simple fact that Straight Path's inducement claims, Apple's challenges thereto, and the governing legal standard all remain substantially identical. Accordingly, for the reasons stated in the prior order denying Apple's motion to dismiss (Dkt. No. 61), Apple's motion for judgment on the pleadings is **DENIED** with respect to Straight Path's induced infringement claims.

3

## 2. DIRECT INFRINGEMENT CLAIMS.

Apple contends the second amended complaint fails to state a claim for direct infringement either literally or under the doctrine of equivalents (Dkt. No. 89 at 12–18).

### *(1) Doctrine of Equivalents.*

The second amended complaint mentions the doctrine of equivalents five times, corresponding to its five asserted patents, asserting in conclusory fashion that "[Apple's] products infringe the [patents-in-suit] literally and/or under the doctrine of equivalents" (*see* Dkt. Nos. 84 ¶¶ 29, 44, 59, 74, 89; 91 at 10–11). The appended claim charts add only one allegation that supports any inference of infringement under the doctrine of equivalents. That allegation, repeated in the claim chart for each asserted patent, states (Dkt. Nos. 84-9 at 4, 11; 84-10 at 3, 8, 34, 36, 41; 84-11 at 3, 8, 14, 19, 24, 29, 35, 40; 84-12 at 3; 84-13 at 3):

> With respect to the network protocol address, any version of an address, including but not limited to an IP address or an alias or proxy, meets this limitation. If the use of a non-IP address is not considered to literally infringe, the use of an alias or proxy is an equivalent of a network protocol address. An alias or proxy is nothing more than a representation that has a 1-to-1 correspondence to the network protocol address and is therefore equivalent.

Straight Path does not dispute that it "did not set forth a complete theory under the doctrine of equivalents in its complaint" but contends this does not preclude it from "presenting evidence that Apple directly infringes under the doctrine of equivalents" because it "has not pled infringement under the doctrine of equivalents as a distinct claim" (Dkt. No. 91 at 10–11). True, Apple cannot win judgment on the pleadings as to an entire claim for direct infringement merely because Straight Path failed to allege facts supporting one theory of infringement under the doctrine of equivalents. Straight Path will not, however, be allowed to argue on summary judgment or at trial that Apple directly infringes under the doctrine of equivalents using any theory that has not been adequately disclosed in the infringement contentions pursuant to our Patent Local Rules.[2]

---

[2] Significantly, Apple has not moved to strike Straight Path's infringement contentions despite arguing that Straight Path's claim charts "parrot" said contentions and relying on decisions concerning the adequacy of infringement contentions under our Patent Local Rules (*see, e.g.*, Dkt. No. 93 at 7–8).

4

### *(2)    Literal Infringement.*

Straight Path's remaining asserted claims include claims 3 and 6 of the '469 patent; claims 1, 6, 34, and 39 of the '704 patent; claim 10 of the '121 patent; claim 3 of the '365 patent; and claims 1 and 2 of the '208 patent (Dkt. No. 101). The relevant portions of its claim charts rely heavily on a screenshot from a public website explaining how FaceTime works. The screenshot describes the "Basic Process" for how "every iPhone registers itself at Apple's push notification server whenever WiFi is available." For example, after detecting a WiFi connection and getting an IP address via DHCP, the iPhone "contacts the FaceTime server," after which "Apple knows the iPhone's IP, which is then used for FaceTime" (*e.g.*, Dkt. No. 84-9 at 4). Straight Path also alleges "on information and belief" that "when a device wishes to make a FaceTime call, it queries an Apple server . . . to find the IP address based on the phone number or email address of the first device. . . . If the user is not available, querying FaceTime client will learn that the user is unavailable. . . . Apple's systems only track the IP addresses of devices currently on-line" (*e.g.*, *id.* at 7–9).

Apple contends Straight Path "fails to identify 'a unique identifier of the first process' in the accused products" (Dkt. No. 89 at 15–16). Straight Path responds that it alleges sufficient factual matter to permit the plausible inference that an iPhone must forward a "unique identifier" so that Apple can associate its IP address with a specific FaceTime account (Dkt. No. 91 at 15). Apple further contends Straight Path "fails to explain how querying an Apple server for an IP address constitutes 'a query as to whether a second process is connected to the computer network'" (Dkt. No. 89 at 15). But Straight Path alleges sufficient factual matter to permit the plausible inference that the former necessarily entails the latter. This order agrees that Straight Path's allegations, viewed as a whole and in the light most favorable to it, suffice to avoid judgment on the pleadings on literal infringement. Insofar as Apple suggests Straight Path has failed to find evidence of infringement "after months of discovery" (Dkt. No. 93 at 9), that point is better reserved for arguments on the merits of Straight Path's claims. Judgment on the pleadings on literal infringement is therefore not warranted as to the '469, '704, '121, or '365 patents (Dkt. No. 89 at 15–16).

As to the '208 patent, Straight Path alleges that FaceTime "performs a method of selectively alerting a user of an incoming communcation [*sic*] over the computer network . . . because, for example, calls from certain users can be blocked." Its claim charts include a screenshot that shows the user an incoming FaceTime call from an identified caller (Dkt. No. 84-13 at 3–5). Apple contends this is not sufficient to "describe how Apple's products 'respond[] to the incoming communication by transmitting a responsive packet over the computer network *in accordance with the identity of the source*'" (Dkt. No. 89 at 17 (brackets and emphasis in original)). Straight Path points out that a user "can respond by declining or accepting the call" based on "the identity of the source of the incoming call" (Dkt. No. 91 at 16–17). Additionally, as stated, Straight Path alleges facts that, viewed as a whole and in the light most favorable to it, support the plausible inference that FaceTime selectively handles incoming communications differently depending on the identity of the source, at least with respect to blocked users. Judgment on the pleadings on literal infringement is therefore not warranted as to the '208 patent, either. Apple's motion is **DENIED** with respect to Straight Path's direct infringement claims.

3.  **ENHANCED DAMAGES FOR WILLFUL INFRINGEMENT.**

The second amended complaint does not include a separate claim for relief for willful infringement but includes a prayer for relief that requests (Dkt. No. 84 at 23 (emphasis added)):

> A judgment that awards Straight Path *all appropriate damages* under 35 U.S.C. § 284 for the Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Straight Path for Defendant's infringement.

The second amended complaint also generally alleges, as to each asserted patent, that Apple "was at the very least willfully blind to the infringing result of its active inducement of its customers and/or end users to making infringing point-to-point connections" and "took no steps to prevent infringement by its customers and/or end users" (*id.* ¶¶ 35, 50, 65, 80, 95).

Section 284 provides, "When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or

6

assessed." There is no precise rule or formula for awarding damages under Section 284, but a district court's discretion to do so is not to be exercised in "a typical infringement case." Rather, such enhanced damages are "generally reserved for egregious cases of culpable behavior" involving conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931–32 (2016).

In *Logic Devices, Inc. v. Apple, Inc.*, the undersigned judge dismissed a claim of willful infringement where the complaint merely "pray[ed] for a judgment that Apple's infringement of the [patent-in-suit] ha[d] been willful." No. C 13–02943, 2014 WL 60056, at *2–3 (N.D. Cal. Jan. 7, 2014). That decision predated *Halo* and relied on an older standard for proving willful infringement set forth in *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The *Seagate* standard has since been abrogated as "unduly rigid" by *Halo*, but *Logic Devices* remains instructive here for its observation that a patent infringement plaintiff "does not have to prove willfulness at the pleading stage," although they "should allege more than a one-sentence prayer for willfulness relief" under Section 284. *Cf.* 2014 WL 60056, at *2–3. Here, Straight Path points out that it "alleges that Apple was aware of four of the asserted patents and their infringement since at least September 24, 2014, and that Apple nonetheless continued to sell the accused products and induce infringement by its customers after that date" (Dkt. No. 91 at 18).

Apple asserts that Straight Path's allegations "do not add up to" willful infringement "without detailed allegations . . . as to how Apple supposedly infringed." Since Straight Path adequately alleged infringement, this assertion is unpersuasive. Apple also contends a "2015 Standstill Agreement . . . forbids Straight Path from relying on [its] 2014 complaint to supply pre-suit knowledge for an enhanced damages claim" (Dkt. No. 93 at 10). But this argument is for summary judgment, not on the pleadings. In light of *Halo*'s more flexible standard for enhanced damages under Section 284, Straight Path has pled sufficient factual allegations such that it remains premature to enter judgment of no enhanced damages in Apple's favor. Apple's motion for judgment on the pleadings is therefore **DENIED** with respect to Straight Path's request for enhanced damages under Section 284.

7

### 4.     LEAVE TO AMEND INFRINGEMENT CONTENTIONS.

Given the advanced stage of these proceedings and Straight Path's multiple amendments thus far, further leave to amend its complaint is not warranted at this time. Since Straight Path's complaint essentially incorporates its infringement contentions, however, a procedural wrinkle merits discussion.

After filing the instant motion, Apple also filed a motion for leave to amend its invalidity contentions to add new prior art references (Dkt. No. 90). Straight Path filed a statement of non-opposition (Dkt. No. 92), and a prior order granted the unopposed motion (Dkt. No. 95). Straight Path then filed its own motion for leave to amend infringement contentions "to clarify its infringement theory" (Dkt. No. 96). Apparently pursuant to an agreement between counsel, Apple filed a statement of non-opposition wherein it "dispute[d] Straight Path's representation that its proposed amended Infringement Contentions do not include new infringement theories" but nevertheless did not oppose the motion (Dkt. No. 99).

Straight Path's unopposed motion for leave to amend its infringement contentions is **GRANTED** on the conditions that (1) Straight Path must limit its amended infringement contentions to its ten remaining asserted claims, and (2) the amended infringement contentions may not add any new theory of infringement under the doctrine of equivalents.

### CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is **DENIED**. Plaintiff's unopposed motion for leave to amend infringement contentions is **GRANTED** on the conditions stated herein. No further motion under FRCP 12(c) may be brought at this late stage in the case.

**IT IS SO ORDERED.**

Dated: September 9, 2017.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE