Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
lucky.vidmar@hoganlovells.com
Helen Y. Trac (Cal. Bar No. 285824)
helen.trac@hoganlovells.com
**HOGAN LOVELLS US LLP**
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Celine J. Crowson (*pro hac vice*)
555 13th St NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5600
celine.crowson@hoganlovells.com

Aaron S. Oakley (*pro hac vice*)
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone (303) 899-7300
Facsimile: (303) 899 7333
aaron.oakley@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:16-cv-03582-WHA <br><br> **DEFENDANT APPLE INC.'S RESPONSE TO THE ORDER TO SHOW CAUSE REGARDING FILING UNDER SEAL (DKT. 158)** <br><br> **Judge: Honorable Judge William Alsup** |

1    In response to the Court's Order to Show Cause (Dkt. 158) related to the parties' requests to file documents under seal in connection with summary judgment briefing, Apple states as follows:

1. In the course of the briefing on Apple's motion for summary judgment of non-infringement, Apple has affirmatively sought to seal only a single document, Exhibit 11 to the Vidmar Declaration in Support of Apple's Motion for Summary Judgment (Dkt. 130). Other than this one exhibit, Apple is not seeking to seal any other Apple information.

2. In contrast to all the other Apple technical documents that Apple has submitted, this document contains sensitive nonpublic and proprietary information regarding specific reliability and delivery time aspects of APNS, as well as proposed technical solutions related to power usage, connectivity, storage, and wake/sleep behavior. The document also presents proprietary case studies related to Apple's investigations of APNS behavior, as well as results of specific tests and observations conducted by Apple of the operation of APNS under a variety of network conditions, including highly sensitive delivery time information. In addition to the technical testing and analysis information, the document also presents options and recommendations related to power usage of Apple devices, and enhancements to be made to device connectivity framework, storage, and power consumption, to improve the performance of APNS.

3. Before this litigation began, Exhibit 11 was internally marked by Apple as "Apple Confidential – Do Not Distribute – Not to be Used or Disclosed Without Permission from Apple." Apple produced it in this case under the highest confidentiality designation under the Protective Order.

4. In its Order granting Apple's motion for summary judgment, the Court did not cite Exhibit 11 or any discussion related to it in the parties' briefing.

5. Therefore, the public's ability to understand the merits of this case, including the Court's specific reasoning as to why Apple does not infringe, will not be affected if Exhibit 11 remains under seal.

6.     Accordingly, Apple in good faith believes that Exhibit 11 should remain under seal pursuant to *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the Court's Civil Local Rules.

7.     All other requests to seal that Apple has filed, either in connection with its own motion for summary judgment (the remainder of Dkt. 130, as well as Dkt. 144) or in response to Straight Path's motion for summary judgment (Dkt. 134), relate to documents that <u>*Straight Path has designated*</u> under the Protective Order, and which Apple was obligated to file under seal pursuant to Civil Local Rule 79-5(e), giving Straight Path the opportunity to file a declaration to confirm that the material should remain sealed.

8.     With respect to Dkt. 130, Straight Path has filed a response stating that those documents "do not require sealing." Dkt. 132. Accordingly, under Civil Local Rule 79-5(e)(2), the Court can deny that administrative motion and Apple will file those documents (except the above-mentioned Exhibit 11) in the public record.

9.     With respect to Dkt. 134, Straight Path has similarly notified the Court that no material requires sealing. Dkt. 140. Accordingly, once the Court denies that administrative motion, Apple will file all exhibits to Dkt. 134 in the public record.

10.    Straight Path has not filed any declarations related to Dkt. 144. Accordingly, under Civil Local Rule 79-5(e)(2), the Court may deny that administrative motion and Apple will file all exhibits to Dkt. 144 in the public record.

11.    Regarding Straight Path's requests to seal any document produced by Apple (administrative motions Dkt. Nos. 128 and 136), Apple has not sought to maintain any of those documents under seal. Accordingly, once the Court denies those administrative motions, Straight Path can file them in the public record, pursuant to Civil Local Rule 79-5(e)(2).

Respectfully submitted on November 20, 2017.

                        HOGAN LOVELLS US LLP

                        /s/  *Srecko "Lucky" Vidmar*

Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
Srecko "Lucky" Vidmar (Cal. Bar No. 241120)
lucky.vidmar@hoganlovells.com
Helen Y. Trac (Cal. Bar No. 285824)
helen.trac@hoganlovells.com
**HOGAN LOVELLS US LLP**
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Celine J. Crowson (*pro hac vice*)
555 13th St NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5600
celine.crowson@hoganlovells.com

Aaron S. Oakley (*pro hac vice*)
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone (303) 899-7300
Facsimile: (303) 899 7333
aaron.oakley@hoganlovells.com

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2017, I filed a true and correct copy of the foregoing **APPLE INC.'S RESPONSE TO THE ORDER TO SHOW CAUSE** using the Court's CM/ECF electronic filing system which will serve the same upon all counsel of record.

*s/ Srecko "Lucky" Vidmar*
Srecko "Lucky" Vidmar