

Brian D. Ledahl
bledahl@raklaw.com

12424

Wilshire Boulevard

12th Floor

Los Angeles

California

90025

Tel 310.826.7474

Fax 310.826.6991

www.raklaw.com

November 20, 2017

**Via ECF**

The Honorable William Alsup
United States District Judge
United States District Court
Northern District of California
Courtroom 8
450 Golden Gate Avenue
San Francisco, California 94102

> **Re:**   *Straight Path IP Group, Inc. v. Apple, Inc.*,
> Case No. 3:16-cv-03582-WHA

Your Honor:

We represent plaintiff Straight Path in the above captioned case. Pursuant to the Court's Order dated November 16, 2017 (D.I. 159), we respond to defendant Apple's letter dated November 16, 2017 regarding how to proceed regarding the '208 patent.

Rather than proceed with the excessive amount of additional briefing suggested by Apple, Straight Path proposes a more streamlined approach. Straight Path proposes that the Court stay its claims regarding the '208 patent and enter judgment on the '704, '469 and '369 patents. If Straight Path is unsuccessful on appeal, Straight Path agrees to the dismiss its claims regarding the '208 patent. If Straight Path is successful on appeal, Straight Path's claims with respect to the '208 patent can be rejoined with the '704, '469 and '369 patents and the case can proceed as before.

Straight Path believes that its approach is superior to additional motion practice because it conserves the Court's judicial resources. Apple proposes a procedure that will likely require the filing of hundreds of additional pages of briefing and evidence, as well as an additional hearing. Under Straight Path's proposal, the Court need only consider further motion practice if Straight Path's appeal is successful.

Straight Path does not believe that any of Apple's proposed motions are likely to succeed. In any event, Straight Path anticipates that each will require extensive briefing and submission of additional evidence.



If the Court disagrees with Straight Path's proposal above, Straight Path believes the most efficient procedure would be to allow Apple to file a single additional summary judgment motion. If Apple is not successful, the case could be stayed at that point and appeal of the current summary judgement order could proceed. Apple's proposal to also bring *Daubert* motions at this time is inappropriate because they would not resolve the '208 claims. Even if striking the opinions of Dell and Cole were appropriate (it is not), there is sufficient evidence in the record from Apple's own witnesses and documents to support a judgment of infringement and validity by the jury.

Russ, August & Kabat

/s/ *Brian D. Ledahl*

Brian D. Ledahl
Counsel for Plaintiff
Straight Path IP Group, Inc.