IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAIGHT PATH IP GROUP, INC., 

    Plaintiff,

  v.

APPLE INC.,

    Defendant.

No. C 16-03582 WHA

**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Both sides in this civil action have filed administrative motions to file under seal in connection with their cross-motions for summary judgment of noninfringement and no invalidity. This order resolves the administrative motions (Dkt. Nos. 127, 130, 134, 136, 144).

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records in connection with a dispositive motion requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted).

Plaintiff Straight Path IP Group, Inc., filed two administrative motions to file documents under seal pursuant to defendant Apple Inc.'s confidentiality designations (Dkt. Nos. 127, 136). Apple never filed supporting declarations as required by Civil Local Rule 79-5(e) (*see* Dkt. No. 160 ¶ 11). Straight Path's administrative motions are therefore **DENIED**.

Apple moved to file under seal portions of its motion for summary judgment and Exhibits 4, 6, 7, 20, and 21 to Srecko "Lucky" Vidmar's declaration pursuant to Straight Path's confidentiality designations. Apple also moved to file Exhibit 11 under seal pursuant to its own designation (Dkt. No. 130). Straight Path responded that its materials did not require sealing (Dkt. No. 132). As for Exhibit 11, Apple explained that it contains highly confidential and proprietary information, including trade secrets, regarding Apple's technical specifications, proposed solutions, case studies, test results, observations, and options and recommendations (*see* Dkt. No. 130-1 ¶ 5). Moreover, that specific information, to the extent not already revealed elsewhere, proved unnecessary to adjudicate Apple's motion for summary judgment (*see* Dkt. No. 169). Under these circumstances, this order finds compelling reasons to keep Exhibit 11 under seal. Apple's administrative motion is **GRANTED IN PART** and **DENIED IN PART**.

Apple also filed two more administrative motions to file documents under seal pursuant to Straight Path's confidentiality designations (Dkt. Nos. 134, 144). To the first administrative motion, Straight Path responded that its materials did not require sealing (Dkt. No. 140). Straight Path never filed a supporting declaration as required by Civil Local Rule 79-5(e) for the second administrative motion. Apple's administrative motions are therefore **DENIED**.

Except for Exhibit 11, the movants shall file the unredacted documents encompassed by their administrative motions to fully comply with this order by **DECEMBER 20 AT NOON**.

**IT IS SO ORDERED.**

Dated: December 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE