IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAIGHT PATH IP GROUP, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

No. C 16-03582 WHA

**ORDER GRANTING REQUEST FOR FINAL JUDGMENT**

A prior order granted defendant Apple Inc.'s motion for summary judgment of noninfringement as to all but one of the patents-in-suit in this action (Dkt. No. 169). That very same order also granted summary judgment of noninfringement as to all asserted patents in a related action, where judgment has already been entered against plaintiff Straight Path IP Group, Inc. *See Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*, Case No. 16-3463 (Dkt. No. 180). In the above-captioned action, subsequent orders stayed all proceedings in connection with the sole remaining patent-in-suit and the issue of attorney's fees (*see* Dkt. Nos. 171, 179).

Straight Path has proposed that the Court enter judgment on the patents covered by the summary judgment order in both related actions, and has further agreed to dismiss its claims regarding the sole remaining patent-in-suit in this action if it is unsuccessful on appeal. Apple did not oppose this proposal (*see* Dkt. Nos. 161–62). Federal Rule of Civil Procedure 54(b) provides that when an action presents more than one claim for relief, "the court may direct entry

of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In deciding whether to enter final judgment, the court should consider "judicial administrative interests as well as the equities involved," including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Under these circumstances, this order finds there is no just reason to delay judgment in favor of Apple on the patents covered by the summary judgment order. The issues remaining to be adjudicated are legally distinct and severable from those addressed by the summary judgment order. Moreover, entry of judgment in this action will permit an efficient and cohesive appeal from that order on the same issues in both related actions. And, as stated, the parties have agreed that Straight Path will dismiss its claims regarding the sole remaining patent-in-suit in this action if it is unsuccessful on appeal. This order therefore concludes entry of judgment is proper here pursuant to FRCP 54(b).

**IT IS SO ORDERED.**

Dated: January 4, 2018.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE