Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
Helen Y. Trac (Cal. Bar No. 285824)
helen.trac@hoganlovells.com
HOGAN LOVELLS US LLP
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Aaron S. Oakley (*pro hac vice*)
aaron.oakley@hoganlovells.com
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone (303) 899-7300
Facsimile: (303) 899 7333

*Attorneys for Defendant Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 16-cv-03582-WHA <br><br> **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINSTRATIVE RELIEF TO SUPPLEMENT RECORD** <br><br> **THE HONORABLE WILLIAM H. ALSUP** |

Pursuant to L.R. 7-11, Apple Inc. ("Apple") opposes Straight Path IP Group, Inc.'s ("Straight Path") Motion for Administrative Relief to Supplement Record (Dkt. 227, "Motion") to include the Michel Declaration (Dkt. 226). For the following reasons, Straight Path's Motion should be denied.

*First*, Straight Path's Motion is untimely and Straight Path does not show good cause for the delay. Apple filed its motion seeking attorney fees almost three months ago, on April 18, 2019. Dkt. 214. According to L.R. 7-3(a), Straight Path had until May 2, 2019 to respond. Apple agreed to extend Straight Path's deadline to May 16, 2019. Dkt. 217. Straight Path has not provided a reason why 28 days was not long enough to procure and include the Michel Declaration in its May 16, 2019 opposition, particularly given that Judge Michel apparently was retained by Straight Path in "late 2018." Dkt. 226 at ¶ 1. The only reason Straight Path proffers is that Judge Michel's opinion "was not available to Straight Path during the briefs" because it "was executed on June 30, 2019." Dkt. 227 at 1. The fact that the declaration was executed in late June explains nothing regarding Judge Michel's availability for post-appellate briefing, particularly given that he had familiarized himself with the issues in helping prepare Mr. Fenster for Straight Path's arguments to the Federal Circuit, which took place more than three months before Straight Path's opposition was due. *Id.* Straight Path offers nothing to explain its own lack of diligence, and delay due to a lack of diligence is not an acceptable reason to supplement the record. *See, e.g.*, *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2019 WL 468809 at *4 (N.D. Cal. Feb. 6, 2019) (denying motion to supplement expert reports because movant was not "sufficiently diligent").

*Second*, the Michel Declaration is an improper expert opinion. Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

DEFENDANT APPLE INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO SUPPLEMENT RECORD
CASE NO. 16-CV-03582-WHA

1

(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

The content of the Michel Declaration – only a page (five numbered paragraphs) in length – meets none of these requirements. It does not set out any of the facts or data Judge Michel considered beyond non-specific conversations with Mr. Fenster and review of the parties' briefs; does not explain what principles and methods he used; and does not state how he applied any legal or other principles to the facts of the case. The declaration does not provide any guidance on what facts Judge Michel relied upon in reaching his conclusion that Straight Path's arguments were not sanctionable. In fact, he does not even identify the governing law at issue in Apple's motion (28 U.S.C. § 285 and the Patent Local Rules, among others), let alone provide any basis for concluding that Straight Path's litigation conduct was not sanctionable under those legal principles. In the context of this slim declaration comprised of high-level conclusions divorced from the factual record, Mr. Ledahl's offer to let Apple supplement its own briefing rings hollow. Dkt. 221-1. How can Apple respond to a declaration that does not cite a single fact, document or legal principle on which the declarant relied? This is not "evidence or testimony" that "assist[s] the trier of fact to understand the evidence or to determine a fact in issue," as required by Rule 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993).

At best, the Michel Declaration is an expert attorney declaration or opinion of counsel that rehashes, in the most conclusory fashion, Plaintiff's legal arguments. Other than unidentified material from the case file, the only data source for Judge Michel's opinion appears to be Straight Path's counsel, Mr. Fenster. Dkt. 227 at 1. But an expert "may not present testimony that merely 'parrots' the opinion of others, without providing an independent evaluation of the evidence." *Morales v. Kraft Foods Grp. Inc.*, LA CV14-04387 JAK, 2017 WL 2598556, at *10 (C.D. Cal. June 9, 2017). The appropriate place for legal arguments was in Plaintiff's opposition brief, not in an untimely and defective expert declaration. *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797 (Fed. Cir. 1990) (affidavit of expert that provided only legal opinions and not fact evidence insufficient to raise fact issue to preclude summary judgment); *see also Burkhart*

DEFENDANT APPLE INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO SUPPLEMENT RECORD
CASE NO. 16-CV-03582-WHA

2

1  *v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom
2  comes equipped with a 'legal expert,' called a judge…."). The consideration of this belated and
3  improper legal opinion testimony would prejudice Apple. It should be excluded.
4      For the above reasons, Straight Path's Motion should be denied.

DEFENDANT APPLE INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO SUPPLEMENT RECORD
CASE NO. 16-CV-03582-WHA

3

Respectfully submitted on July 9, 2019.

                                      **HOGAN LOVELLS US LLP**

                                      /s/  *Clayton C. James*

Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
Helen Y. Trac (Cal. Bar No. 285824)
helen.trac@hoganlovells.com
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Aaron S. Oakley (*pro hac vice*)
aaron.oakley@hoganlovells.com
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone (303) 899-7300
Facsimile: (303) 899 7333

*Attorneys for Apple Inc.*