RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Brian D. Ledahl, SBN 186579
bledahl@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Straight Path IP Group, LLC
f/k/a Straight Path IP Group, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | **Case No. 3:16-cv-3582-WA** <br><br> **STRAIGHT PATH'S OBJECTION TO SPECIAL MASTER REPORT AND RECOMMENDATION (DKT. # 251)** <br><br> Date: April 23, 2020 <br> Time: 8:00 a.m. |

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  THE SPECIAL MASTER AWARDS FEES OUTSIDE THE SCOPE OF THIS COURT'S ORDERS ....................................................................................................... 1

    A.   Fees Incurred Prior to June 23, 2017 ................................................................ 1

    B.   Motion to Dismiss Complaint ............................................................................ 3

    C.   Motion to Dismiss Amended Complaint ........................................................... 4

    D.   Motion for Judgment on the Pleadings .............................................................. 4

    E.   Prior Art Review and Invalidity Contentions .................................................... 5

    F.   Claim Construction Proceedings ....................................................................... 6

    G.   Depositions ........................................................................................................ 6

    H.   Opening Report on Invalidity ............................................................................ 7

    I.   Mock Trial ......................................................................................................... 9

    J.   Motions in Limine ............................................................................................. 9

III. APPLE IS NOT ENTITLED TO AN AWARD OF FEES FOR APPELLATE MATTERS ..................................................................................................................... 9

IV.  CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Samsung Electronics Co., Ltd. v. Straight Path IP Group, Inc.*,
   696 Fed. Appx. 1008 (2017) ................................................................................................ 2

**Statutes**

35 U.S.C. § 112 .............................................................................................................................. 6

I.  **INTRODUCTION**

Pursuant to the Court's Order Appointing Special Master (Dkt. # 249), Straight Path hereby submits its objection to the Report and Recommendation of the Special Master (Dkt. # 251).[1]  With respect to Apple, the Special Master recommended an award of $2,334,054.  Straight Path objects to the Special Master's inclusion of various categories and amounts as outside the proper scope of this Court's prior Orders.  Further, Straight Path notes that while the Special Master did not recommend an award to Apple for fees incurred in connection with Straight Path's appeal to the Federal Circuit, to the extent the Court were to revisit that recommendation, Straight Path objects to the Special Master's alternative findings on that issue that the untimeliness of Apple's request can be remedied, and that the fees sought would otherwise be recoverable.

II.  **THE SPECIAL MASTER AWARDS FEES OUTSIDE THE SCOPE OF THIS COURT'S ORDERS**

Straight Path objected to several particular categories of fees requested by Apple as outside the proper scope of this Court's Orders.  This Court previously ruled that the Special Master should "identify each item requested that bears little or no relation to the conduct found exceptional herein."  Dkt. # 245 at 4.  Straight Path respectfully submits that the Special Master erred in construing this directive of the Court broadly to encompass any and all activity in the case that related generally to the asserted patents.  Straight Path respectfully submits that this is overbroad and inconsistent with this Court's Orders.  Specific categories are addressed briefly below as pertinent to Apple's documentation of projects performed.

A.  **Fees Incurred Prior to June 23, 2017**

The Court's Summary Judgment ruling and order on exceptionality were addressed to issues arising in two Federal Circuit decisions involving IPR proceedings.[2]  The second of those

---

[1] Straight Path notes that the Special Master's Report and Recommendation addresses only the amount of any fee award, and not the underlying questions of exceptionality and the availability of any fee award generally.  While Straight Path does not here address those issues outside the scope of the Special Master's appointment, Straight Path reserves its positions regarding those issues.

[2] As noted previously Straight Path does not address the Court's finding of exceptionality, which it understands to be outside the scope of the Special Master's mandate.

1
**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

decisions did not issue from the Federal Circuit until June 23, 2017. *Samsung Electronics Co., Ltd. v. Straight Path IP Group, Inc.*, 696 Fed. Appx. 1008 (2017). The basis for the Court's finding of exceptionality hinged on this decision. Thus, Straight Path respectfully submits that asserted fees incurred prior to that time of necessity do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not be included in any calculation. Straight Path respectfully submits that given the nature of the Court's ruling, the Special Master erred in failing to eliminate fees incurred by Apple prior to this time.

These amounts would include the following tasks identified in the James declaration submitted to the Special Master (Ledahl Decl., Ex. A):

Answer Complaint, Answer First Amended Complaint, Answer Second Amended Complaint, Motion to Dismiss Complaint, Motion to Dismiss First Amended Complaint, Reply ISO Motion to Dismiss First Amended Complaint, Prepare for Motion to Dismiss Hearing, Motion to Dismiss Hearing, Motion for Judgment on the Pleadings, LPR 3-3 Invalidity Contentions, Analyze Plaintiff's Infringement Contentions, LPR 4-1 Proposed Terms For Construction, LPR 4-2 Preliminary Claim Constructions and Extrinsic Evidence, Analyze Opposing LPR 4-2 Disclosures, LPR 4-3 Joint Claim Construction Statement, LPR 4-4 Claim Construction Discovery, LPR 4-4 Deposition of Stuart Stubblebine, LPR 4-4 Deposition of Bruce McNair, LPR 4-5 Claim Construction Brief and McNair Declaration, Motion to Compel Straight Path to Limit Number of Asserted Claims, Reply in Support of Motion to Compel Straight Path to Limit Number of Asserted Claims, Prepare for Hearing on Motion to Compel Straight Path to Limit Number of Asserted Claims, Hearing on Motion to Compel Straight Path to Limit Number of Asserted Claims, Joint Case Management Statement, Initial Disclosures, Apple's First Interrogatories, Apple's Responses to Straight Path's First Interrogatories, Apple's First Request for Production, Apple's Responses to Straight Path's Request for Production, Apple's 30(b)(6) Notice and Topics to Straight Path, as well as a number of "ongoing" topics that partially encompass activities prior to the Federal Circuit's decision. Straight Path notes that several of these activities are also addressed in other sections below, which address additional reasons the amounts sought for those activities should not be awarded.

At a minimum (excluding individual entries for "ongoing" activities), this category represents $537,147.91 of Apple's requested fees (*see* Chart attached to February 18 Joint Submission – Ledahl Decl., Ex. H). Straight Path does not understand any of the reductions to Apple's request recommended by the Special Master (*see* Dkt. # 251 at 16-17) to be included in these categories.

### B. Motion to Dismiss Complaint

The Special Master recommended an award for for 60.7 hours of attorney time and $24,083.16 for Apple's motion to dismiss (the full amount sought by Apple). As reflected in Apple's time entries, this motion related to issues of the sufficiency of allegations of induced infringement and not substantive issues relating to the "is connected" claim element at issue in the Court's summary judgment ruling. Thus, Straight Path respectfully submits that such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not be included in any calculation.

Apple argued to the Special Master that this Court ordered the Special Master to award "to award all fees *except* for those 'that bear[] little or no relation' to the exceptional conduct." No such instruction appears in any of the District Court's rulings. Rather, this Court directed the Special Master to "determine a reasonable amount to award." While the Court did direct the identification of particular material that "bears little or no relation to the conduct found exceptional herein," it did not direct that all other fees must be awarded. Dkt. # 245. Rather, in its associated Order granting in part the motions for attorney's fees, the Court noted that inclusion of extremely unrelated matters could result in triple deductions or denial of all relief. Dkt. # 244 at 12-13. Thus, Apple's argument that all fees must be awarded unless they are shown to be completely unrelated to the patents to which the Court's summary judgment ruling was addressed is unsupported by the Court's Orders, and improperly shifts the burden of proof as to the reasonableness of the fees sought from Apple to Straight Path. The issues of indirect infringement at issue in Apple's motion were issues regarding the procedural aspects specific to inducement, not the merits of any allegation of direct infringement, and certainly not to the "is connected" claim element. Straight Path respectfully submits that such activities are too far removed from the basis of the Court's

summary judgment and exceptionality determinations to be awardable, and that it was error for the Special Master to include them.

### C. Motion to Dismiss Amended Complaint

The Special Master recommended an award of an additional 13.8 hours of attorney time and $5,478.58 in connection with Apple's motion to dismiss the First Amended Complaint, another 21.4 attorney hours and $8,562.22 in connection with a Reply, 24.8 hours of attorney time for an additional $12,593.75 of attorney time to prepare for the hearing; and an additional 4.4 hours of attorney time for an additional $2,184.65 for the hearing itself (the full amounts requested by Apple). Thus the total for this additional activity was 64.4 hours, for which the special master recommended awarding $28,819.20. In this motion, Apple reiterated the same basic arguments from its previous motion (to dismiss). Once again, the motion related to the particular pleading requirements of induced infringement, not the substantive issues of the "is connected" claim element. Thus, Straight Path respectfully submits that such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not have been included in the Special Master's recommendation.

### D. Motion for Judgment on the Pleadings

The Special Master recommended awarding a total of 166.1 hours of attorney time and a total of $72,560.70 in connection with Apple's motion for Judgment on the Pleadings (the full amount sought by Apple). This motion was denied and thus an ultimately unnecessary expenditure on Apple's part. Further, the motion was not addressed to the "is connected" claim element at issue in the Court's summary judgment ruling, but rather to the sufficiency of pleadings. As such, Straight Path respectfully submits that such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not be included in any fee award. While the Special Master notes that unsuccessful motions need not always be excluded, Apple's motion was unnecessary and did nothing to meaningfully advance its defense. Given this and the tangential at best relationship to the issues that were the basis of the Court's summary judgment ruling, Straight Path respectfully submits that Apple failed to carry its burden to justify the reasonableness of this

portion of its request and that the amount recommended is not reasonable within the scope of the District Court's rulings.

### E. Prior Art Review and Invalidity Contentions

Apple sought a total of 444.5 hours of attorney time, and a total of $176,622.10 in connection with its two related "projects" of "Locate and Review Prior Art" and "Local Patent Rule 3-3 Invalidity Contentions". The Special Master recommended reducing this amount by $16,883 due to inefficiencies. Straight Path objects to recommendation of these amounts as both excessive and insufficiently related to the issues identified in the Court's summary judgment and exceptionality rulings.

First, the amounts Apple sought are extremely high for such a task. As just one example, Attorney Matt Rozier, identified as Counsel at Hogan Lovells, recorded approximately 17 time entries of more than 7 hours each (and several in blocks of more than 9 hours) that Apple seeks to recover in connection with this one task. By contrast, Apple's submission sought 165.8 hours and $66,588.65 in connection with a task it identifies as "Ongoing review and update of noninfringement positions as discovery proceeded." The time dedicated to those contentions appears excessive, in light of the much lesser amount of time devoted to analysis of the infringement issue. The difference is particularly notable given that, as discussed below, issues of infringement were the basis of the Court's summary judgment and exceptionality findings. Straight Path cannot provide corresponding records of its time for preparation of invalidity contentions, since, as Plaintiff, Straight Path did not prepare such contentions. While the Special Master made a small reduction in Apple's request, Straight Path respectfully submits that it is not sufficient to address the high nature of Apple's request.

Straight Path also objects to the recommendation that these tasks be included in any award. The Court's summary judgment ruling addressed non-infringement issues and was not based on Apple's invalidity contentions. While Apple has suggested that the Court's ruling related to validity, the ruling did not relate to Apple's invalidity contentions, or to any of the prior art identified by Apple in those contentions. As such, Straight Path respectfully submits that such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling and

5
**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

should not be included in any calculation. Straight Path respectfully submits that Apple failed to carry its burden to demonstrate the reasonableness of its request and that it was error to include these amounts.

### F.     Claim Construction Proceedings

The Special Master recommended an award for the full amount sought by Apple for several categories of activity all of which related to claim construction proceedings. Specifically, Apple included the following categories in its request: LPR 4-1 Proposed Terms For Construction, LPR 4-2 Preliminary Claim Constructions and Extrinsic Evidence, Analyze Opposing LPR 4-2 Disclosures, LPR 4-3 Joint Claim Construction Statement, LPR 4-4 Claim Construction Discovery, LPR 4-4 Deposition of Stuart Stubblebine, LPR 4-4 Deposition of Bruce McNair, and LPR 4-5 Claim Construction Brief and McNair Declaration.

The "is connected" claim element that was the basis of the Court's summary judgment and exceptionality rulings was not a subject of dispute during claim construction proceedings. The construction was agreed between the parties and none of the briefing, depositions, or other proceedings addressed that construction. The separate issues that were at issue in the claim construction briefing, such as numerous contentions by Apple that various terms should be construed as "means-plus-function" claim elements under 35 U.S.C. § 112, paragraph 6, were unrelated to the summary judgment ruling that formed the basis of the Court's ruling under Section 285, and were never even addressed by the Court. As such, Straight Path respectfully submits that such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not be included in any calculation.

### G.     Depositions

Straight Path objects to the inclusion of various depositions identified in Apple's documentation as not having been shown to bear any relation to the issues addressed in the Court's summary judgment and exceptionality rulings – specifically the 'is connected' claim element. In its submissions to the Special Master, Apple discussed the relevance of only two fact witness depositions: those of Andrew Green and Jay Cotton, and the deposition of two expert witnesses. Straight Path struggles to understand how several of the other depositions Apple identified bear

any relation to the issues in the Court's summary judgment and exceptionality rulings. Notwithstanding this, the Special Master recommended awarding the full amounts requested by Apple for the particular depositions to which Straight Path objected as follows:

    David Span; 17.5 hours; $6,599.75

    Michael Jaynes; 21.0 hours; $8,950.38

    Yonatan Cantor; 14.4 hours; $6,204.67

    Heather Mewes; 23.4 hours; $11,675.41

    Deidre Caldbeck; 55.5 hours; $22,533.51

    Liore Alroy; 26.8 hours; $11,593.36

    Davidi Jonas; 132.8 hours; $55,805.26

    Vandana Koelsch; 15.7 hours; $5,013.17

    Totals: 307.1 hours; $128,375.51.

Straight Path respectfully submits that Apple's mere showing that these depositions were taken in connection with this case is insufficient to support an award in connection with the Court's rulings on summary judgment and exceptionality. As such, Straight Path objects to their inclusion by the Special Master in the recommendation.

### H. Opening Report on Invalidity

Apple sought recovery for 585.6 hours of attorney time and $223,773.89 in connection with the opening expert report of Bruce McNair regarding invalidity. The Special Master recommended reducing this amount by $27,972 generally, and an additional $2,859 for administrative tasks and inconsistent time entries. Dkt. # 251 at 16-17. Straight Path respectfully submits that the reductions by the Special Master are insufficient.

As Straight Path explained to the Special Master, the amounts sought by Apple vastly exceeded the amounts expended by Straight Path in connection with corresponding preparation of opening expert reports on infringement. For purposes of comparison, Straight Path compiled the records of its time associated with the opening expert reports of its expert witness regarding infringement, Tipton Cole. Because the opening reports address issues where the party has the burden of proof, Straight Path believes that this provides a fairer comparison than to assess Straight

Path's rebuttal expert report regarding validity (which could undercount Straight Path's time). Because Straight Path's counsel did not differentiate billings regarding the parallel Apple and Cisco case expert reports, and because they were not subjected to subsequent review and reduction for billing judgment in light of an alternative fee arrangement, Straight Path's summary contained a significant overcount of time spent on the Apple report. Even with this significant over-inclusiveness, Straight Path's counsel recorded only 325.2 hours of attorney time as compared with Apple's 585.6 (which did not have the same over-inclusiveness). Thus, Apple expended nearly twice as much time as Straight Path's over-inclusive total. Hence, Straight Path asserts that the amounts included by Apple are excessive and that the Special Master failed to adequately reduce the recommendation for this category.

Apple offered several arguments about these issues to the Special Master that are incorrect. First, it asserted that the time in connection with Straight Path's analysis was addressed to only a single accused system. As explained in greater detail in the Joint Submission to the Special Master (Ledahl Decl., Ex H), much of the time was not differentiated between the accused Apple system and the accused Cisco system. Thus, contrary to Apple's assertions, the time reflected in Straight Path's calculations largely included both the Apple <u>and</u> Cisco infringement reports. Further, Apple suggested that Straight Path's counsel somehow had incentives to fail to accurately record time because the amounts recorded were not billed to Straight Path. As an initial matter this is purely speculative, but it also undercuts Apple's arguments. Straight Path spent more than 150 fewer hours, as recorded, than Apple. As Apple notes, its time was reduced after being recorded through write-offs and adjustments to reduce the amount actually billed. Straight Path's time records did not undergo that further step of reduction. If they had, the amount of time expended by Straight Path would be even lower, reflecting an even greater disparity between the amount of time expended by Apple and that by Straight Path. Thus, Apple's arguments only reinforced that the amounts sought in this category were too high. Straight Path respectfully submits that the modest reductions recommended by the Special Master were insufficient as to this category.

**I.     Mock Trial**

Apple sought, and the Special Master recommended awarding $107,479.42 for 259.6 hours for mock trial proceedings. As with multiple other categories discussed above, Straight Path respectfully submits that such amounts were too tangential to the Court's summary judgment and exceptionality rulings to be included in any award. Simply because Apple could choose to pursue such activities does not support an award of fees for them here and Straight Path accordingly objects to the Special Master's recommendation including these amounts.

**J.     Motions in Limine**

The Special Master recommended an award for 118.3 hours and $42,131.49 (the full amount sought by Apple) for motions in limine that were never filed with the Court. Apple failed to identify any motion in limine that was related to the issues that were addressed in the Court's summary judgment and exceptionality rulings, much less any such motion that was filed or needed to be prepared prior to the Court's issuance of its summary judgment ruling. As such, Straight Path respectfully submits that such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not be included in any award.

**III.   APPLE IS NOT ENTITLED TO AN AWARD OF FEES FOR APPELLATE MATTERS**

The Special Master recommended denial of Apple's request for fees in connection with Straight Path's appeal to the Federal Circuit. Specifically, the Special Master found that Apple had not timely requested such fees because no request for appellate fees was included with Apple's motion for attorneys' fees to this Court. Straight Path does not object to this recommendation.

The Special Master made additional recommended findings related to this issue, however, to which Straight Path, in an excess of caution, objects. To the extent that the Court accepts the Special Master's recommendation that Apple should not be awarded any appellate fees, the Court need not reach these further issues.[3] To the extent that it does, for any reason reach those issues,

---

[3] Straight Path notes that the Special Master suggested that Apple could bring a motion to this Court for leave to make a new, untimely, request for appellate fees. While Straight Path disputes that such a request would be proper, it does not understand the Special Master to have addressed that question substantively and Apple has made no such application, so Straight Path does not further address them here.

9

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

the Special Master recommended a finding that neither this Court's prior orders, nor Apple's failure to make any request to the Federal Circuit for an award of attorneys' fees did not preclude such an award. Straight Path respectfully submits that these conclusions were erroneous.

Apple's submissions to the Special Master sought recovery of fees associated with Straight Path's appeal to the Federal Circuit, and the petition for rehearing in connection with that appeal.[4] As recognized by the Special Master, those activities were not included or described in Apple's motion for attorney's fees presented to this Court. Straight Path also notes that Cisco did not seek any award of fees in connection with appellate proceedings. Apple never sought an award of fees from the Federal Circuit pursuant to Federal Rule of Appellate Procedure 38, nor did it demonstrate that its appellate fees were properly compensable under this Court's Orders given that they involved a separate proceeding in a separate court. For these reasons, in addition to the untimeliness found by the Special Master, no award of appellate fees to Apple is proper.

## IV. CONCLUSION

As discussed herein, Apple's submissions to the Special Master failed to properly support various categories of the fees Apple requested as being properly connected to this Court's summary judgment ruling and failed to demonstrate the reasonableness of various amounts sought. Straight Path respectfully objects to the Special Master's recommendation as exceeding the bases that the Court identified for recovery.

---

[4] Apple also sought recover in connection with a Petition for a writ of Certiorari to the U.S. Supreme Court, but the Special Master recommended that this amount should not be allowed.

10
**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

Respectfully submitted,

DATED: March 18, 2020

RUSS, AUGUST & KABAT

*/s/ Brian D. Ledahl*
Brian D. Ledahl

RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Brian D. Ledahl, SBN 186579
bledahl@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

**Attorneys for Plaintiff**
**STRAIGHT PATH IP GROUP, LLC**
**F/K/A STRAIGHT PATH IP GROUP, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, I electronically filed the foregoing **STRAIGHT PATH'S OBJECTION TO SPECIAL MASTER REPORT AND RECOMMENDATION (DKT. # 251)** using the Court's ECF system which will electronically serve the same upon all counsel of record.

                                    /s/ *Brian D. Ledahl*
                                    Brian D. Ledahl