**HOGAN LOVELLS US LLP**
Clayton C. James (Cal. Bar No. 287800)
clay.james@hoganlovells.com
Helen Y. Trac (Cal. Bar No. 285824)
helen.trac@hoganlovells.com
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Celine J. Crowson (*pro hac vice*)
555 13th St NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5600
celine.crowson@hoganlovells.com

Aaron S. Oakley (pro hac vice)
1601 Wewatta Street, Suite 900
Denver, Colorado 80202
Telephone (303) 899-7300
Facsimile: (303) 899 7333
aaron.oakley@hoganlovells.com

*Attorneys for Defendant Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. C 16-03582 WHA <br><br> **RESPONSE TO STRAIGHT PATH'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION** |

On March 4, 2020, Special Master Matt Borden submitted a Report and Recommendation, in which he recommended that Apple be awarded $2,334,054. Dkt. No. 251. Straight Path's objections duplicate the issues it raised before the Special Master to which Apple already responded, *see* Dkt. No. 252-8, and fail for the reasons explained in the Report and Recommendation. *See* Dkt. No. 251 at 12–16.

Apple addresses only one issue here, to clarify the significance of the two Federal Circuit decisions to the Court's exceptional case determination. *See* Dkt. No. 252 at 1–3. Straight Path's assertion that "[t]he basis for [this] Court's finding of exceptionality hinged on [the second Federal Circuit] decision," *Samsung Electronics Co., Ltd. v. Straight Path IP Group, Inc.*, 696 Fed. App'x 1008 (Fed. Cir. 2017), which issued on June 23, 2017, overstates that decision's unique importance. *See* Dkt. No. 252 at 1–2 (arguing that Apple should not be entitled to any fees prior to June 23, 2017).

The Court found this an "exceptional case" because Straight Path "[told] the Federal Circuit one thing and [told the] Court the opposite on a critical point." Dkt. No. 244 at 7. Straight Path made representations to the Federal Circuit regarding the meaning of the "is connected" limitation but then "sought to escape the consequences of its own representations . . . in the instant actions." *Id.* at 7–8. Straight Path made those representations during appeal of the ***first*** *inter partes* review proceeding ("IPR"), *Straight Path IP Grp., Inc. v. Sipnet EU S.R.O.*, 806 F.3d 1356 (Fed. Cir. 2015). See Dkt. No. 244 at 7:11–8:9 (quoting Straight Path's March 13, 2015, brief and the transcript of oral argument held September 9, 2015, but from the *Sipnet* appeal). Straight Path filed this suit in June 2016 "armed with a favorable finding of validity" following the *Sipnet* appeal. See Dkt. No. 244 at 5. The foundation for the Court's "exceptional case" finding was entirely laid by June 2016.

The Court cited Straight Path's representations during the *Samsung* appeal, but described those subsequent representations as duplicative of the first. *See* Dkt. No. 244 at 4 (stating that counsel for Straight Path "emphasized once again during oral argument" and "once again argued" the temporal aspect of the "is connected" limitation). In fact, Straight Path tried to argue that its

RESPONSE TO OBJECTIONS TO SPECIAL MASTER'S REPORT
CASE NO. C 16-03582 WHA

1

statements in the *Samsung* appeal qualified or negated its prior statements to the PTAB and the Federal Circuit, and the Court rejected that argument. *See* Dkt. 244 at 8.

Thus, Apple is entitled to fees from the date of suit, as the Special Master found.

Dated: March 25, 2019

        **HOGAN LOVELLS US LLP**

        By:  /s/ *Clayton C. James*
               Clayton C. James

        clay.james@hoganlovells.com
        Three Embarcadero Center, Suite 1500
        San Francisco, California 94111
        Telephone: (415) 374-2300
        Facsimile: (415) 374-2499

        *Attorneys for Defendant*
        APPLE INC.